LETTS, Judge.
This appeal presents the question of whether an employee sufficiently carried the burden of demonstrating to the court that he did not recover the full value of his damages sustained, under Section 440.-39(3)(a), Florida Statutes (1981), entitled Workers’ Compensation. The trial judge found that he did not carry that burden, but we disagree and reverse.
The employee, during the course of employment, was injured in a highway head-on collision and settled his lawsuit against the tortfeasor for $25,000, the full value of the latter’s policy. The employee then filed the instant complaint claiming the $25,000 was grossly inadequate, that there was no likelihood of collecting any more from the tortfeasor and consequently the workers compensation carrier was not entitled to recover 100% of what it had paid out. The carrier disagreed and the trial judge agreed *548 with the carrier,[1] noting in his final judgment that the plaintiff failed to prove the value of his case. Inherent in the judge’s ruling, although not specifically enunciated, was the conclusion that the employee did not carry the burden of proving he recovered less than the full value of his damages because he failed to present expert witnesses who could buttress his claim. However, Section 440.39(3)(a) does not require expert witnesses, it requires the employee to “demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility. The burden of proof will be on the employee.” (Emphasis supplied.)
In the case before us, the employee presented evidence that no comparative negligence was involved, the settlement of $25,000 was for the policy limits and that more was uncollectible. He also demonstrated that the carrier had paid him $11,-802.91 in compensation, $8,252.74 in medical bills, and would continue to pay more. He further showed that he owed his attorney $8,333.00 in fees.[2]
As to his pain and suffering, the evidence was that he was off work for at least six months and in therapy during that period at least twice a week. He saw at least four doctors. He underwent a CAT scan and a myelogram and he was hospitalized for a further three weeks when he underwent a lumbar laminectomy. The employee also introduced medical testimony that he was 15% permanently disabled and suffered extensive back and neck pain for which Percodan was repeatedly prescribed.
At one stage of the proceedings, the trial judge remarked that the hearing before him was not a substitute for a jury trial. However, in a sense it was. Under Section 440.39(3)(a), the burden of proof is to be carried by “demonstrat[ion] to the court.” From this we conclude that the court must weigh the evidence, just like a jury would, and evaluate the case if he has evidence before him which will permit it. See Safeco Insurance Co. v. Sarkisian, 389 So.2d 1088 (Fla. 4th DCA 1980). We know of no absolute law mandating the use of an expert witness and in the light of the evidence presented, we do not think one was required in the case now before us. We are not unaware that the actual order appealed from is one granting a rehearing to reopen the case so that further testimony be secured on the full value of the recovery. Notwithstanding, as its predicate, the order repeats its earlier conclusion that the employee failed to carry the burden of proof on the full value of the damages and it is with that finding that we disagree.
Accordingly, we reverse and remand this case to the trial judge and direct him to evaluate this cause based on the evidence already in the record and proceed accordingly. We make no finding that the employee did carry the burden of proof, but we believe he did present sufficient evidence from which the trial judge could have decided this issue. In a later order, the procedural details of which we have omitted (see footnote 1), the trial judge proclaimed that to decide that which we now direct him to do would involve a “wild guess.” We would ask him to reconsider based on the record evidence, much of which we have recounted herein. Most trial judges, and certainly this one, have considerable insight into what a case is worth and while we deem it inappropriate to substitute our judgment for that of the fact finder, we would suggest the facts hereunder would support a result far in excess of $25,000.
REVERSED AND REMANDED.
ANSTEAD, C.J., and BERANEK, J., concur.

. We have omitted the procedural backs and forths culminating in the trial court’s statement about "three bites of the apple” because we conclude the first bite satisfies this court’s appetite. Had it not done so, we would agree with the compensation carrier that there were too many inroads into the apple.

. We recognize that Section 440.39(3)(a) calls for the deduction of attorneys fees and costs.