450 So.2d 330 (1984)
CHRYSLER CORPORATION, a Florida Corporation, Petitioner,
v.
Gerard F. MILLER, Respondent.
No. 84-395.
District Court of Appeal of Florida, Fourth District.
May 23, 1984.
Richard G. Rosenblum of Walton, Lantaff, Schroeder & Carson, Fort Lauderdale, for petitioner.
Robert J. Moraitis of Law Offices of William H. Kilby, Fort Lauderdale, for respondent.
GLICKSTEIN, Judge.
Petitioner seeks certiorari from an order, compelling it to comply with a discovery order. We grant the petition and quash the trial court's order.
The bare record reflects a multi-count action by a purchaser of a 1981 Dodge Omni. As we gather, the Omni was a lemon and respondent wants to know about all of the other lemons bearing the same mark and year which have surfaced throughout the country. He does not allege tragic injuries nor death of anyone but apparently wants whatever relief to which he is entitled because he was sold a piece of junk with an attractive name.
Petitioner submitted an affidavit to the trial court, reflecting a cost to it of $50,000, were it required to comply with the discovery order. Respondent apparently filed no counter-affidavit but instead offered the unsworn analysis of his counsel in rebuttal to the sworn allegations tendered by petitioner.
The trial court should not have considered the unsworn analysis by respondent's counsel. This court, in an opinion written by the present writer, said in Leon Shaffer Golnick Advertising, Inc. v. Cedar, 423 So.2d 1015, 1016-17 (Fla. 4th DCA 1982):
[T]he practice we wish to see terminated is that of attorneys making unsworn statements of fact at hearings which trial courts may consider as establishing facts. It is essential that attorneys conduct themselves as officers of the court; but their unsworn statements do not establish facts in the absence of stipulation. Trial judges cannot rely upon these unsworn statements as the basis for making factual determinations; and this court cannot so consider them on review of the record. If the advocate wishes to establish a fact, he must provide sworn testimony through witnesses other than *331 himself or a stipulation to which his opponent agrees.
Our companion court concurred in the essence of this expression in Westinghouse Elevator Company v. DFS Construction Company, 438 So.2d 125 (Fla. 2d DCA 1983).
What we are left with is a law suit worth what appears to be considerably less than the cost of compliance by the defendant with the discovery order. While that conceivably could be appropriate in another case, it is not in this one. We cannot help but believe that in a case like the present there are relevant, simple inquiries that can be made without excess cost to get at the heart of the matter. It perplexes us how simple matters can be made unnecessarily complex only to submerge under the excess weight.
DOWNEY and WALDEN, JJ., concur.