GLICKSTEIN, Judge,
dissenting:
The record reflects the following:
1. In February, 1978, the plaintiff-appellant filed a two-count action. The first was for specific performance. The second was for damages in excess of $2,500, which was jurisdictionally proper for the circuit court at that time.
2. No action was taken by either party for six months after the cause was at issue in September 1979.
3. In March, 1980, defendant served the plaintiff with a notice to file a non-resident cost bond. Two months later, because of the plaintiff’s non-compliance, the defendant moved to dismiss, whereupon the plaintiff filed the statutory bond.
4. No action was taken thereafter for eleven months, at which point the parties agreed that the plaintiff could file an amended complaint. The plaintiff did so in April 1981, dropping the claim for specific performance and proceeding with a two count claim for damages arising out of an alleged breach of contract and conversion as to a $1,000 deposit made in February 1978. The first count was for compensato *775 ry damages in excess of $2,500; and the seocnd, for compensatory and punitive damages in excess of $2,500. In 1981, the circuit court’s minimum jurisdiction was $5,000. I find it unnecessary, for my opinion, to enter into the labyrinth of any jurisdictional question. See 20 Am.Jur.2d Courts § 167 (1965 & Supp.1983) and cases cited therein.
5. Trial was set for November 8, 1982, then May, 1983, after the defendant filed twenty-five affirmative defenses, (nine of which were sentences reciting why the amended complaint failed to state a cause of action), and plaintiff replied thereto.
6. On November 8, 1982, the defendant sent nine interrogatories, to the plaintiff, assumingly in order to establish a lack of credibility in some fashion, inquiring as to his marital status, identity of his children, identity of the dealership in Florida where he purchased a car as well as the disposition of the car and finally, the identity of all of plaintiff’s racehorses owned in 1978.
7. On November 9, 1982, the defendant served the plaintiff with a notice to produce his income tax returns for 1977 and 1978 as well as the title to the above car, assumingly for the same reason as the above interrogatories.
8. The plaintiff’s unilateral pre-trial catalog alleged that his agent signed two contracts with the defendant, after delivering $2,000 in cash deposits for construction of two homes. The amended complaint refers to only one contract for $1,000; and the exhibit attached thereto reflects the signature of the plaintiff, not an agent; nor does it identify any agent.
9. The defendant’s unilateral pre-trial catalog alleged that the defendant never accepted cash, only checks, and has no record of having received any sum from the plaintiff. It also alleged the so-called contracts between the parties were only binder receipts, not contracts; and that contracts were never executed. Nevertheless, it recites an offer to return the plaintiff’s deposits.
10. There is no order in the record dated January 26, 1983; yet on February 18, 1983, the defendant moved to strike the plaintiff’s pleadings, based on (a) an order of January 26, 1983, which ostensibly ordered the plaintiff to answer the interrogatories and produce the above-described documents, and further ordered that if he did not comply within twenty days, his pleadings would be stricken; and (b) the plaintiff’s failure to comply with either.
11. On April 1, 1983, there was a flurry of activity by both parties:
A. The plaintiff served the defendant by mail with (1) answers to interrogatories, bearing a notary’s certificate dated March 16, 1983, and (2) an unsworn response to the notice to produce, signed by the plaintiff’s attorney, attaching a copy of the 1978 income tax return and representing that the 1977 return is unavailable to the plaintiff.
B. The defendant filed an ex parte motion to strike the plaintiff’s pleadings, without serving a copy upon the plaintiff’s attorney, and obtained from the trial court, ex parte, an order which struck the plaintiff’s pleadings as well as a final judgment, both based upon the affidavit of the defendant’s attorney that she had received none of the discovery items.
12. On April 4,1983, the plaintiff moved for rehearing, wherein his attorney alleged in an unsworn motion that the plaintiff had been deprived of due process; that the answer to interrogatories had been hand delivered on February 25, 1983 (these have to have been unsworn, as the plaintiff apparently never swore to the answers until March 16th); that the defendant’s attorney had been advised of the difficulty in getting the income tax returns; and that the answers to interrogatories established that the plaintiff could not produce title to the “unidentified” car.
13. On May 17, 1983, the trial court heard the plaintiff’s unsworn motion for rehearing and argument of his attorney and denied the motion.
*776 14. On appeal, the defendant-appellee made no attempt to supplement the record by including the critical order of January 26, 1983, but placed it at the rear of its brief as an “appendix,” notwithstanding that Florida Rule of Appellate Procedure 9.220 contemplates copies of orders that are in the record before the appellate court.
15. The copy of the order contained in the “appendix” does not provide that the defendant could apply ex parte, without notice to the plaintiff, for an order striking the plaintiffs pleadings.
I elaborate upon all of the facts because of the concerns which I expressed for efficiency in the judicial process in my concurring opinion in Ream v. State, 449 So.2d 960 (Fla. 4th DCA 1984), which I shall not repeat here.
My opinion is initially based upon two cases decided by our companion courts in situations wherein an ex parte order is obtained without notice. The first on which appellant relies and the majority opinion is based, is Owens-Illinois, Inc. v. Lewis, 260 So.2d 221, 225-26 (Fla. 1st DCA 1972), wherein the court said:
Based upon the foregoing authorities we deem it inescapable that the judgment appealed herein must be reversed and the cause remanded for further proceedings. Firstly, it is obvious that the court’s order of November 12, 1970, requiring defendant to answer the interrogatories propounded by plaintiffs within 14 days thereafter was not self-executing. While it is true that the order recited that upon failure of defendant to fully comply with the requirements of the order, its defenses would be stricken and default judgment entered against it, defendant was nevertheless entitled to an opportunity to be heard on any motion by the plaintiffs to invoke the sanctions set forth in the order. The record is clear that the hearing on plaintiffs’ affidavit of noncompliance by defendant was held ex parte without notice to defendant. Such procedure was unauthorized and deprived defendant of the opportunity of being heard and offering any evidence it might have of a mitigating or extenuating nature. The order striking defendant’s defenses and entering a default judgment against it having been rendered pursuant to an ex parte hearing without notice, the order was invalid and cannot form a proper basis for the judgment appealed.
I completely agree with that holding.
The second, Webber v. Brickley, 239 So.2d 633 (Fla. 3d DCA 1970), upon which appellee relies, adds an element which exists in the present case; namely, given the inappropriateness of an ex parte order, is due process fulfilled when the trial court entertains a motion for rehearing which asserts the reasons for non-compliance? The Third District Court said it is; and I also agree with its following holding:
Appellant urges that because she made some attempt to comply with the October 15th order requiring discovery, the court abused its discretion by dismissing the cause upon an ex parte order. See Hy-man v. Schwartz, Fla.App. 1965, 177 So.2d 750. We think this record reveals that appellant did not make a good faith attempt to comply with the discovery order. The absence of notice upon the application for the final judgment was not fatal under these circumstances. This decision is reinforced by the fact that appellant moved for and received a rehearing upon the final judgment. By granting a rehearing the trial court gave appellant an opportunity to present any valid reason for vacating the final judgment, thereby fulfilling the purpose of the notice provision of Rule 1.420(b), Florida Rules of Civil Procedure, 30 F.S.A. See Voss v. Voss, Fla.App.1964, 169 So.2d 351. The record fails to show, through the petition for rehearing or other means, an explanation for appellant’s failure to make the discovery ordered.
My opinion is also based upon another factor in the present case, namely that appellant’s unsworn motion was valueless to the trial court, as was any unsworn representation of the plaintiff’s attorney at the hearing on the motion for rehearing. *777 We should no more permit unsworn motions, unsupported by affidavit or testimony, which seek relief in this type of case, than we would entertain an unsworn motion unsupported by affidavit or testimony in a case of someone claiming excusable neglect to avoid terminal sanctions. See, generally, as to the ineffectual legal use of attorney’s unsworn representations, Leon Shaffer Golnick Advertising, Inc. v. Cedar, 423 So.2d 1015, 1016-17 (Fla. 4th DCA 1982); Chrysler Corporation v. Miller, 450 So.2d 330 (Fla. 4th DCA 1984); and Westinghouse Elevator Company v. DFS Construction Company, 438 So.2d 125 (Fla. 2d DCA 1983).
I would affirm.