460 So.2d 467 (1984)
HEWITT, COLEMAN & ASSOCIATES, Appellant,
v.
William LYMAS and Alice Lymas, His Wife, Appellees.
No. 83-2329.
District Court of Appeal of Florida, Fourth District.
December 5, 1984.
Rehearing Denied January 4, 1985.
Eugene N. Betts of Pomeroy, Betts & Pomeroy, Fort Lauderdale, for appellant.
*468 Jack D. Warner of Herbert W. Abramson & Assoc., P.A., Miami, for appellees.
DELL, Judge.
Hewitt, Coleman & Associates appeal from an order denying its claim for full reimbursement of worker's compensation benefits paid to or on behalf of appellee.
On September 29, 1979, appellee, while in the course and scope of his employment, suffered personal injuries when a motor vehicle ran over his foot. Appellant paid $3,518.19 in medical and other compensation benefits. Appellee settled his third party claim for $6,500 less attorney's fees of $2,600 and costs of $305.75 (resulting in a net recovery of $3,594.25). Appellee filed a sworn motion for equitable distribution. At the hearing on appellee's motion, appellant stipulated to the admissibility of appellee's sworn motion and did not object to the admission of certain medical bills, medical reports and the accident report. Appellee offered no other evidence. Appellee's counsel argued that the full value of the claim ranged between $15,000 and $18,000 but that comparative negligence caused him to accept a settlement of $6,500. After hearing argument of counsel, the trial court awarded appellant $1,250.
Appellant contends that the trial court erred because it failed to comply with the requirements of Section 440.39(3)(a), Florida Statutes (1981). We agree and reverse.
Section 440.39(3)(a) provides in part:
The employer or carrier shall recover from the judgment, after attorney's fees and costs incurred by the employee or dependent in that suit have been deducted, 100 percent of what it has paid and future benefits to be paid, unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility. The burden of proof will be upon the employee.
Appellee agreed that no issue existed as to limits of insurance coverage and collectibility. Although there is some evidence in the record which would support appellee's counsel's argument that the case had a value greater than $6,500, there is no evidence in the record to show that appellee accepted less than full value of his damages because of comparative negligence. The only evidence in the record is appellee's sworn motion for equitable distribution which contains appellee's assertion that "this case is being compromised for less than the full value of the case, ... ." Appellee relies on the argument of his counsel to carry his burden that comparative negligence reduced the value of his claim. This court has clearly and unequivocally stated that argument of counsel does not constitute evidence.
[T]he practice we wish to see terminated is that of attorneys making unsworn statements of fact at hearings which trial courts may consider as establishing facts. It is essential that attorneys conduct themselves as officers of the court; but their unsworn statements do not establish facts in the absence of stipulation. Trial judges cannot rely upon these unsworn statements as the basis for making factual determinations; and this court cannot so consider them on review of the record. If the advocate wishes to establish a fact, he must provide sworn testimony through witnesses other than himself or a stipulation to which his opponent agrees.
Leon Shaffer Golnick Advertising, Inc. v. Cedar, 423 So.2d 1015, 1016-17 (Fla. 4th DCA 1982); see also, Chrysler Corp. v. Miller, 450 So.2d 330 (Fla. 4th DCA 1984).
Appellee's failure to introduce competent evidence or testimony to establish that comparative negligence reduced the full value of his claim requires us to reverse the trial court's order which awarded appellant less than 100% of its lien. See § 440.39(3)(a); Whitely v. United States Fidelity and Guaranty Co., 454 So.2d 63 (Fla. 1st DCA 1984).
Therefore, we reverse and remand this cause to the trial court with directions to enter judgment for appellant, Hewitt, Coleman *469 & Associates in the amount of $3,518.19.
REVERSED and REMANDED.
HERSEY and GLICKSTEIN, JJ., concur.