OWEN, WILLIAM C., Jr., Associate Judge.
An employer and its worker’s compensation carrier appeal from an order determining their pro rata share of the settlement which an injured employee recovered from a negligent third party tort-feasor. They assert that the trial court erred (1) in determining that the employee, due to her comparative negligence, did not recover the full value of her damages, and (2) in denying to the carrier any allowance for the cost of rehabilitative services provided to the employee. We find no error in respect to either point and affirm.
The employee, Barbara Lore, a licensed practical nurse, was in the course and scope of her employment when, while in the residence of the tort-feasor, the latter’s dog attacked her, causing her to sustain serious injuries. She settled her claim against the tort-feasor for $35,000.00. At the hearing to determine the carrier’s pro rata share of the settlement recovery, the only witness to testify was the attorney for the third party tort-feasor. He opined that the full value of Mrs. Lore’s claim, had it been a case of strict liability, was $100,-000.00 but due to conflicting factual issues concerning whether Mrs. Lore may have provoked the dog, he had valued the claim for settlement purposes at $35,000.00, the amount for which it was ultimately settled. On the basis of that testimony, the court determined that Mrs. Lore, due to her comparative negligence, recovered only 35 percent of the value of the damages she had *1390 sustained. Accordingly, the carrier was awarded a proportionate share of the amount which it had paid for compensation and medical benefits (including future benefits to be paid) but was denied any recovery for amounts which it had expended to provide rehabilitative services pursuant to section 440.49(l)(a), Florida Statutes (1983).
Appellants first contend that under section 767.01, Florida Statutes (1983), the owner of a dog is strictly liable and the defense of contributory/comparative negligence is not available. Allstate Insurance Co. v. Greenstein, 308 So.2d 561 (Fla. 3d DCA 1975). However, the statutory defenses of section 767.04, Florida Statutes (1983), which apply to an action under section 767.01, Rattet v. Dual Security Systems, Inc., 373 So.2d 948 (Fla. 3d DCA 1979), were available and the witness testified as to the factual issues upon which those defenses could have been based. That testimony[1] provided competent substantial evidence to support the trial court’s determination and we may not retry the issue.
Appellants next contend that the trial court erred in failing to include in the amount recoverable under section 440.39, Florida Statutes (1983), the amount paid by the carrier for rehabilitative services authorized by section 440.49(l)(a). The vocational rehabilitation of an injured employee, while mutually beneficial to both the employee and the employer, is intended primarily to enhance the wage earning capacity of the injured employee, thereby reducing (if not eliminating) the employee’s wage loss. Thus, rehabilitative services, at least to the extent that such services accomplish this intended purpose, provide a direct monetary benefit to the employer/carrier. Additionally, section 440.-39(3)(a) is explicit in granting to the employer/carrier a pro rata recovery (against a judgment or settlement received by the employee against the third party tort-fea-sor) “for compensation and medical benefits paid or to be paid .... ” The expense incurred by the employer in providing to the employee vocational rehabilitation is neither compensation nor medical benefits, each of which is clearly defined in the statute. There is thus neither an equitable basis nor a statutory basis to justify the employer’s request for a pro rata recovery of the expense incurred for vocational rehabilitation, and the court quite properly eliminated that expense from the employer’s claim of lien under section 440.39, Florida Statutes (1983).
AFFIRMED.
WALDEN, J., concurs.
GLICKSTEIN, J., concurs specially with opinion.

. Appellants also argue, in reliance upon Hewitt, Coleman and Associates v. Lymas, 460 So.2d 467 (Fla. 4th DCA 1984), that the trial court should not have considered the testimony of the attorney for the third party tort-feasor. Reliance upon the Hewitt case as authority to support that argument is misplaced and fails to recognize the difference, when seeking to support the employee’s claim, between the unsworn argument of the employee’s counsel (condemned in Hewitt) and the sworn testimony of a witness, albeit the witness is the lawyer for the third party tort-feasor.