SMITH, Judge.
Appellants Adjustco, Inc. and Morris Timber Company appeal an order of the circuit court which found that they were entitled to a 20% workers’ compensation lien against appellee’s net recovery from a third-party tortfeasor. Appellants contend that section 440.39(3)(a), Florida Statutes (1979), entitles them to a 100% lien. They also argue that the trial court’s order erroneously required them to bear a proportionate share of attorney’s fees and costs generated by appellee’s third-party action. With modifications spelled out below, we affirm.
Appellee was injured in an automobile accident, which appellants agree was in the course and scope of appellee’s employment, on November 21, 1980. Appellee was provided workers’ compensation benefits by Risk Management Services, Inc., insurer for appellant Morris Timber Company.[1] He then sued Louisville and Nashville Railroad Company as a third-party tortfeasor, based upon the November 21, 1980 accident, settling that case prior to trial for $60,000. Morris Timber Company, appel-lee’s employer, and Risk Management Services, Inc. then filed (pursuant to section 440.39, Florida Statutes (1979)) a notice of lien for workers’ compensation and medical benefits paid appellee, both past and future.[2] By filing this lien, appellants sought to recover from any judgment or settlement between appellee and the third-party tortfeasor the value of all payments made by appellants to appellee under chapter 440.
After a hearing on appellants’ claim for lien, the trial court entered an order requiring appellee to pay appellants, out of his settlement with the third-party tortfeasor, 20% of the workers’ compensation benefits appellants had paid appellee, up to the maximum of appellee’s net recovery.[3] The trial court denied appellants’ request for 100% reimbursement, based upon the court’s finding that appellee was 80% comparatively negligent in the third-party action. Under section 440.39(3)(a), Florida Statutes (1979), an employer or carrier who asserts a workers’ compensation lien is entitled to recover 100% of past and future benefits, paid or to be paid, from an employee who recovers on a third-party action, unless the *580 employee can “demonstrate to the court” that his recovery was reduced by comparative negligence on his part, limits of insurance coverage, or collectibility.[4]
Appellants first contend that no competent, substantial evidence exists in the record supporting the trial court’s finding that appellee would have been found 80% comparatively negligent had his third-party tortfeasor action proceeded to trial. Specifically, appellants assert that the trial court erroneously relied upon a letter introduced into evidence by stipulation in support of the court’s comparative negligence finding.[5] This letter, written by counsel for the railroad to appellee’s counsel, stated that the full value of appellee’s third-party claim was $300,000, but that the facts of that case, had it proceeded to trial, would have resulted in a finding of only 20% liability on the part of the railroad. Thus, according to the letter, the railroad’s $60,000 settlement offer to appellee was based on counsel’s belief that appellee was 80% comparatively negligent in causing his accident. Appellants contend that the stipulation by which this letter was received into evidence limited its use to establishing how the third-party tortfeasor “figured out the amount of the settlement,” and that the trial court erroneously considered the letter as evidence establishing that appellee’s recovery was reduced by his own negligence, citing Hewitt, Coleman & Associates v. Lymas, 460 So.2d 467 (Fla. 4th DCA 1984), pet. for rev. den., 471 So.2d 43 (Fla.1985).
We find no merit to this argument. Appellants’ complaint that the evidentiary value of the letter was limited by stipulation fails due to the vagueness of the stipulation. We would feel comfortable reversing the trial court on this issue only if no reasonable basis existed in the record for interpreting the stipulation as the trial court did. No such certainty may be found from the hearing transcript; appellee’s counsel did not directly respond to the statement of appellants’ counsel that the letter was being introduced to show how the amount of the settlement was “fig-urelcl] out.” Instead, without objection by appellants’ counsel, appellee’s counsel cited the letter to the trial court in his argument concerning appellee’s alleged comparative negligence. Furthermore, upon a reading of the entire transcript of the proceeding, we find that the trial court was insufficiently (if at all) apprised of appellants’ view that the trial court had insufficient evidence to determine the issue. Appel-lee’s counsel, in fact, noted at one point that his client was present and available for testimony, if needed. It seemed apparent that he was not needed for testimony. In such circumstances, we find that the trial court’s interpretation of the stipulation as allowing him to fully consider the letter on the issue of appellee’s comparative negligence was not unreasonable.[6]
*581 Appellants’ second argument, that the trial court’s order requires a “double deduction” from their workers’ compensation lien where appellee’s attorney’s fees and costs were expended in the third-party action, has colorable merit. The order initially sets out the correct formula for appellants’ recovery:
... gross amount received from the third-party [tortfeasor] less attorney’s fees and costs ... the employer’s lien cannot exceed this amount, (citation omitted)
However, the decretal portion of the order states that appellants are entitled to recover 20% of their workers’ compensation lien
... [a]fter deduction of the [appellants’] pro rata share of all costs expended by the [appellee] in the prosecution of the [third-party] suit including reasonable attorney’s fees....
To the extent that the trial court’s order might be read as sanctioning a further deduction from appellants’ workers’ compensation lien of third-party attorney’s fees and costs in addition to the deduction as initially made to calculate appellee’s net recovery under the statute, see footnote 3, supra, it is misleading. This view of the 1979 statute has been rejected by this court in Whitely v. U.S. Fidelity & Guaranty Co., 454 So.2d 63 (Fla. 1st DCA 1984), pet. for rev. den., 462 So.2d 1108 (Fla.1985). To avoid further confusion on this issue, the trial court’s order is modified by deletion of the portion of the decretal paragraph beginning with “after deduction ...” and ending with “... for the [appellee’s] attorney.”[7] As modified, the order appealed from is
AFFIRMED.
BOOTH, C.J., and WENTWORTH, J., concur.

. Although the record on appeal does not make this clear, Adjustco, Inc. evidently became the insurer at risk subsequent to the filing of the workers' compensation lien at issue in this case.

. See footnote one, supra.

.Under section 440.39(3)(a), Florida Statutes (1979), net recovery is defined as gross recovery less attorney’s fees and costs expended in prosecuting the third-party suit.

. Section 440.39(3)(a) provides in pertinent part:
... the employer or carrier shall recover from the judgment, sifter attorney’s fees and costs incurred by the employee or dependent in that suit have been deducted, 100 percent of what it has paid and future benefits to be paid, unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility. The burden of proof will be upon the employee....

. The stipulation between the parties, as stated by appellants’ trial counsel, was as follows:
We’ve also stipulated to the admission into evidence of a letter from the attorney for L & N Railroad stating that he felt that the railroad was only twenty percent negligent and that’s why they only paid twenty percent of a reasonable verdict. We stipulate only that as evidence of how they figured out the amount of settlement, not necessarily to the — what’s contained in the letter, (emphasis supplied)

.Neither party cites this court to a letter attached to appellee's memorandum in support of apportionment filed with the trial court below. This letter, dated January 14, 1985, provides the underlying factual basis for the belief of counsel for the Louisville & Nashville Railroad that ap-pellee would have been found 80% comparatively negligent, and the third-party tort-feasor 20% negligent, at a trial on appellee’s case. Counsel stated that appellee’s comparative negligence reduced the $300,000 full value of his claim to the $60,000 settlement value finally agreed upon by the parties. Although the trial court’s order makes no reference to this subsequent letter, we believe that this letter would be *581 adequate in itself, if considered by the trial court, to meet appellee’s evidentiary burden on the issue of his comparative negligence. American States Ins. Co. v. Rozier, 450 So.2d 547 (Fla. 4th DCA 1984).

. The modified decretal portion will read as follows:
[T]he employer is entitled to twenty percent of its compensation lien, both for past and future benefits paid or payable. The employer’s lien is limited to the plaintiffs net recovery from the third-party tort-feasor.