491 So.2d 1262 (1986)
NATIONAL ADVERTISING COMPANY, Petitioner,
v.
BROWARD COUNTY, a political Subdivision of the State of Florida, James Maurer, Edwin Heiss, Joseph M. Clark, Eve Savage, Tony Miglionico, al Hines, Lonnie Jackson, As Members of the Broward County Board of Adjustment, Respondents.
No. 85-1961.
District Court of Appeal of Florida, Fourth District.
July 30, 1986.
Gerald S. Livingston of Gerald S. Livingston, P.A., Orlando, for appellant.
Susan F. Delegal, Gen. Counsel, and Richard Doody, Asst. Gen. Counsel, Fort Lauderdale, for appellee, Broward County.
HERSEY, Chief Judge.
National Advertising Company petitions this court for issuance of a writ of certiorari to the lower court which, acting in its appellate capacity, quashed a variance granted to petitioner by the Broward County Board of Adjustment. With one exception, *1263 we find the issues raised by petitioner to be without merit.
In 1980 petitioner secured a permit to place a billboard at the intersection of Interstate 95 and State Road 84 in Broward County. In violation of both the terms of the permit and the Broward County Code, petitioner constructed a billboard which exceeded thirty-five feet in height.
Upon issuance by the county of a notice of violation, petitioner sought a variance from the Broward County Board of Adjustment. Section 5-19(2)(d) of the Broward County Code requires that certain findings be made by the Board before such a variance may be approved. After a hearing  but without making the requisite findings  the Board voted unanimously to grant the variance.
The county then petitioned for certiorari review in circuit court to have the variance quashed, and in July 1985 the petition was granted. The circuit court found that insufficient evidence was presented to the Board to allow the Board to find that the criteria set forth in the county code had been met. The court thus concluded that the Board failed to proceed in accordance with the essential requirements of law. In addition, the court directed the county to "pursue its remedies for the removal of the sign... ."
We conclude that the circuit court did not depart from the essential requirements of law in its finding of insufficient evidence. We note that the argument of petitioner's counsel was the only "evidence" presented in support of petitioner's contention that it had met the necessary criteria. This court has repeatedly admonished that "argument of counsel does not constitute evidence." Hewitt, Coleman & Associates v. Lymas, 460 So.2d 467, 468 (Fla. 4th DCA 1984), rev. denied, 471 So.2d 43 (Fla. 1985); see also Leon Shaffer Golnick Advertising, Inc. v. Cedar, 423 So.2d 1015 (Fla. 4th DCA 1982).
We agree, however, with petitioner's contention that the circuit court exceeded the scope of its review by certiorari where it directed the county to take steps to have the sign removed, rather than merely quashing the variance. A court's certiorari review power does not extend to directing that any particular action be taken, but is limited to denying the writ of certiorari or quashing the order reviewed. See Tamiami Trail Tours, Inc. v. Railroad Commission, 128 Fla. 25, 174 So. 451 (1937); Gulf Oil Realty Co. v. Windhover Ass'n, 403 So.2d 476 (Fla. 5th DCA 1981).
In conclusion, we quash that portion of the lower court's order directing the county to take steps to have petitioner's sign removed, but finding no departure from the essential requirements of law in any other respect, the petition is otherwise denied.
CERTIORARI GRANTED in part; DENIED in part.
DOWNEY and WALDEN, JJ., concur.