PER CURIAM.
Nick Arone, the plaintiff/appellant, was an employee of Birdsall Plumbing and was traveling north on 1-95 while in the scope of his employment. Arone was following Kara Peterson and he was being followed by Choya Sherwood, an employee of Holmes Lumber Co. Peterson sought to exit from 1-95, missed her exit, and she either stopped or slowed down on the interstate. Arone slowed down behind her. Sherwood hit Arone from behind. The force of the collision propelled Arone into the rear end of Peterson’s vehicle. Arone was personally injured. Subsequently Birdsall, Arone’s employer, paid workers’ compensation benefits to Arone for his injuries.
Arone sued Peterson and Sherwood/Holmes Lumber Company for their negligence. Arone settled with Peterson for her policy limits of $10,000. He settled with Sherwood/Holmes Lumber for $278,-000. After payment of his costs and attorney’s fees, Arone recovered $173,064, or 62% of the total settlement with Sherwood.
Subsequently Birdsall (and its carrier FEISCO) filed a lien, pursuant to section 440.39(3)(a), Fla.Stat. (1987) seeking reimbursement for 100% of all workers’ compensation benefits it had paid to Arone. *1270 Section 440.39(3)(a) allows the carrier to obtain a lien on Arone’s settlement proceeds. This section provides in part:
Upon suit being filed, the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which notice shall constitute a lien upon any judgment or settlement recovered to the extent that the court may determine to be their pro rata share for compensation and medical benefits paid ... [T]he employer or carrier shall recover from the judgment, after costs and attorney’s fees incurred by the employee or dependent in that suit have been deducted, 100 percent of what it has paid and future benefits to be paid, unless the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained because of comparative negligence or because of limits of insurance coverage and collectibility. The burden of proof shall be upon the employee, (emphasis added)
Arone filed a motion seeking equitable distribution of the workers’ compensation lien. At the time of the hearing the workers’ compensation benefits which had been paid by Birdsall to Arone amounted to $52,-456.98. At the hearing on the motion Bird-sall/FEISCO's attorney argued that FEIS-CO was entitled to recover 62% of the $52,456.98 which it had paid in workers’ compensation benefits.
In opposing the return of the workers’ compensation benefits to Birdsall, Arone’s attorney was sworn in and testified that Arone did not recover the full value of his damages in his case against the tort-feasors. Arone’s attorney testified that Arone did not recover the full value of his damages because, although Peterson was the most liable for the accident, her limits of coverage ($10,000) were insufficient. (According to Arone he only recovered about 25% of the full value of the case.) Arone’s attorney testified that Arone’s past and future lost wages and medical expenses totalled $350,000 and the case was worth $1,112,000. Arone’s attorney submitted a three-page excerpt from the deposition of Arone’s accident reconstruction expert which indicated that Sherwood/Holmes Lumber Company was only 10% at fault in the accident and that the other tortfeasors, Peterson and Arone, were 90% negligent:
Arone’s expert: But if I had to, as far as putting percentages or weights as far as how this accident occurred, the only thing that I can state is that I think Mrs. Peterson probably was initially more at fault in this particular case because it’s quite well-documented ... As far as the weight on Mr. Sherwood, from everything I can see now obviously I think it’s probably less than ten percent, but that’s strictly my opinion based on the depositions. [1] How the mix is between the others—
Q. “Others” meaning of ... ?
A. Of Mr. Arone and Miss Peterson as far as the remaining portion of that.
In contrast Birdsall and FEISCO presented deposition testimony of Peterson and Arone which attributed no negligence to Arone. Birdsall took the position that rather than Peterson or Arone being most at fault, it was Sherwood who was most at fault by hitting Arone from the rear.
The trial court entered its Order on Plaintiff’s Motion for Equitable Distribution and explained that there were two issues involved: whether there was any comparative negligence on the part of Ar-one and whether Arone failed to recover the full value of his damages because of the limits of insurance coverage and collec-tibility. If Arone proved either of these matters it would result in a reduction in the amount which Birdsall/FEISCO would recover on their lien.
The court ruled that the testimony (and the portion of the deposition which had been presented) did not establish by the greater weight of evidence the presence of comparative negligence on the part of Ar-one.
*1271 The court also concluded that Arone did not demonstrate that he did not recover the full value of damages sustained because of limits of insurance coverage and collectibility. The court stated:
The parties agree that coverage afforded the defendants in the third-party case was $750,000 and that the case settled for a present value of $278,000. The fact that the case settled for approximately one-third of the available coverage defeats any question of collectibility argued by Plaintiffs counsel. No evidence whatsoever, only argument, has been presented by the plaintiff on the issue of coverage and collectibility. The employee has failed to meet his burden under this portion of the statute. (Emphasis supplied)
The court determined that Birdsall and FEISCO were entitled to recover 62% of $52,456.98 (that is, $32,523.32). Arone appeals.
We find no error in that portion of the final judgment which determined that Ar-one did not demonstrate that he did not recover the full value of damages sustained because of comparative negligence. However, we reverse that portion of the final judgment which determined that Arone failed to prove that he did not recover the full value of damages because of limits of insurance coverage and collectibility. The trial court’s opinion erroneously states that no evidence was presented by Arone on the issue of coverage and collectibility. To the contrary, the record establishes that Arone’s attorney testified that Arone did not recover the full value of his damages because Peterson was the most liable for the accident and yet she had insufficient insurance coverage ($10,000).[1] The record indicates that Arone’s accident reconstruction expert offered testimony which indicated that Sherwood/Holmes Lumber Company was only 10% at fault in the accident and that the other tortfeasors, Peterson and Arone, were 90% negligent.
Additionally, Arone’s attorney testified that the case had a value of approximately $1,112,000 and yet it had settled for only $278,000. Nikula v. Mutual Insurance, 531 So.2d 330 (Fla.1988) indicates that a carrier’s lien shall be based upon the ratio of the settlement amount to the full value of the tort claim and not just the worker’s comparative negligence. Thus in the instant case in calculating the full value of damages the trial court should have considered the testimony of Arone’s attorney that he had not recovered the full value because of the size of the settlement in relation to the full value of the tort claim.
For the foregoing reasons we affirm in part, reverse in part and remand for further proceedings wherein the trial court is to consider the testimony of Arone’s attorney regarding whether Arone received the full value of damages because of limits of insurance coverage and collectibility.
AFFIRM IN PART; REVERSE IN PART and REMAND for further proceedings consistent herewith.
DOWNEY, WALDEN and GARRETT, JJ., concur.

. We note that the sworn testimony of an attorney is competent evidence which should have been considered by the trial court in these circumstances. See generally, American State Insurance Company v. Rozier, 450 So.2d 547 (Fla. 4th DCA 1984.)