625 So.2d 120 (1993)
UNIVERSITY MEDICAL CENTER, Appellant,
v.
Daniel J. ZEILER, as Personal Representative of the Estate of John Zieleskiewicz, et al., Appellees.
No. 93-444.
District Court of Appeal of Florida, Fifth District.
October 15, 1993.
*121 Judith L. Hayduk, Jacksonville, for appellant.
William R. Swain of William R. Swain & Associates, Jacksonville, for appellee Charles Morgan Abbott.
Craig B. Sherman and Donn S. Dutton of Sherman and Fischman, P.A., Miami, for appellee Daniel J. Zeiler.
COBB, Judge.
The issue on this appeal is whether a reasonable distribution of settlement proceeds as between survivors and the estate was required pursuant to Florida's Wrongful Death Act.
On January 6, 1992, Daniel J. Zeiler (brother of deceased), as personal representative of the estate of John Zieleskiewicz, deceased, and on behalf of surviving children and parents, filed a two count amended complaint against Charles Abbott (tortfeasor) and American Manufacturers Mutual Insurance Company (underinsured motorist carrier) pursuant to section 768.16, et seq., Florida Statutes (1989). The complaint arose from an accident which took place on July 6, 1989, whereby Abbott's vehicle collided with Zieleskiewicz, who was a pedestrian at the time.
On November 24, 1992, the personal representative filed a "Petition to Approve Partial Settlement." The petition pointed out that Zieleskiewicz had been hospitalized for approximately one month in 1989 and that the hospital had claimed a lien of $149,855.45 against the proceeds of any settlement or verdict. Also, the personal representative pointed out that the tortfeasor's insurer had tendered the full limits of their liability coverage on behalf of Abbott and that in addition, there might be UM coverage in the amount of $500,000.
The personal representative claimed that the hospital lien was not enforceable as to the settlement proceeds or, in the alternative, that the lien should be reduced by the court. After the personal representative noticed the hospital, a hearing was held on *122 November 17, 1992, after which, the court filed an order which granted the petition and distributed the $100,000 settlement with two-thirds going to the survivors and one-third going towards attorney's fees and costs. The allocation to the hospital was zero on the basis that the hospital lien did not attach to the $100,000 offered by the defendant's insurer.[1]
In the instant case, the hospital, University Medical Center, claims the trial court erred since no attempt was made at an equitable distribution of the proceeds since the personal representative was allowed to omit the estate's claim. We agree and reverse. The Florida Wrongful Death Act clearly contemplates a recovery on behalf of the estate.
Where the personal representative represents all the beneficiaries, namely the estate and survivors, survivors' claims are not inherently superior to an estate's claim. Indeed, a personal representative may not release a claim which is in favor of an estate, except in good faith and upon sufficient consideration. Penn Mutual Life Ins. Co. v. Roberts, 120 Fla. 392, 162 So. 881 (1935); § 733.708, Fla. Stat. (1991). See also §§ 733.602; 733.609; 733.612(20), (24), (26). Arguments that other proceeds might be forthcoming cannot serve as a basis for omitting the estate from a reasonable share of tendered settlement proceeds. See § 768.20; § 768.21(6)(b), (7), Fla. Stat. (1991); Funchess v. Gulf Stream Apartments of Broward County, Inc., 611 So.2d 43, 45 (Fla. 4th DCA 1992) (the statute requires a single action brought by personal representative to recover damages for all beneficiaries); Jones v. Zagrodnik, 600 So.2d 1265 (Fla. 5th DCA 1992). Thus, in the presence of a non-specific settlement offer from a defendant, a personal representative is bound to proportion proceeds for the survivors and the estate in a reasonable and equitable manner.
Accordingly, the order granting the personal representative's petition to approve partial settlement is reversed and the cause remanded to the trial court with instructions to enter an order rejecting the proposed settlement.
REVERSED AND REMANDED.
HARRIS, C.J., and DAUKSCH, J., concur.
NOTES
[1] The trial court mistakenly relied upon this court's opinion in Orlando Regional Medical Center, Inc. v. Estate of Heron, 596 So.2d 1078 (Fla. 5th DCA), rev. denied, 604 So.2d 487 (Fla. 1992), which is distinguishable on several grounds.