JORGENSON, Judge.
AGC Risk Management Group, Inc. (AGC), appeals from an order determining the amount it is entitled to recover on its workers’ compensation lien. We affirm.
Alejandro Orozco was struck in the head by an electrical fixture which was being installed by the employees of East Coast Electric, Inc. Orozco filed suit against East Coast and alleged that East Coast’s employees had been negligent in installing or controlling the electrical fixture. Orozco claimed that, as a result of the accident, he suffered memory loss and loss of cognitive ability as well as other physical and mental problems. This case subsequently settled for $150,000.
AGC’s predecessor in interest filed a Notice Of Lien pursuant to section 440.39(3)(a), Florida Statutes (1991), for the amount it had *1035 paid in workers’ compensation to Orozco.[1] Orozco filed a Motion to Determine Carrier’s Lien in which he alleged that the settlement from East Coast only represented a fraction of his total damages. At the hearing on the motion, Orozco presented testimony by his attorney in the East Coast lawsuit, Howard Silverstein, and by the attorney for East Coast, David Deehl, on the issue of the full value of his damages. These two expert witnesses testified that Orozco’s total damages were between 1.5 and 2 million dollars. AGC’s expert witness, Patrick Gent, testified that Orozco’s full value of damages was $150,000. The trial court found that the “full value of damages sustained” was $750,000. AGC appeals.
We affirm the trial court’s order as it is supported by competent, substantial evidence. Proceedings under section 440.-39(3)(a) are similar to a jury trial and the trial judge must “weigh the evidence, just like a jury would, and evaluate the ease if he has evidence before him which will permit it.” American States Ins. Co. v. Rozier, 450 So.2d 547, 548 (Fla. 4th DCA 1984). In assessing the full value of damages sustained, the sworn testimony of an attorney is competent evidence which should be considered by the trial court. Arone v. Sherwood, 561 So.2d 1269, 1271 n. 1 (Fla. 4th DCA 1990); see also Adjustco, Inc., v. Lewis, 491 So.2d 578 (Fla. 1st DCA 1986) (trial court properly relied on claimant’s attorney’s opinion of full value of claimant’s damages and of claimant’s comparative negligence).
The record reveals that Orozco’s attorney and East Coast’s attorney testified that the full value of Orozco’s damages was between 1.5 and 2 million dollars. To the contrary, AGC’s expert witness opined that the value was $150,000 — the amount of the settlement. The resolution of conflicting expert testimony is a task for the trial court. Morris v. Ricks, 573 So.2d 1029, 1030 (Fla. 2d DCA 1991). The trial judge, sitting as the factfinder, determined that proper amount was $750,000. This finding is supported by competent, substantial evidence and an appellate court is therefore not entitled to reweigh the evidence. Noonan v. Snipes, 569 So.2d 1381 (Fla. 2d DCA 1990).
Affirmed.

. Section 440.39(3)(a) provides a means for a workers’ compensation carrier to recoup funds it has paid to a claimant when that claimant successfully sues a third-party tortfeasor. The statute provides that a carrier is entitled to recoup 100% of past and future benefits "except, if the employee or dependent can demonstrate to the court that he did not recover the full value of damages sustained....”