729 So.2d 523 (1999)
In re ESTATE OF Sallie Pearl WIGGINS, Deceased.
Indian River Memorial Hospital, a Florida not-for-profit corporation, Appellant,
v.
Charlie Mae W. Destin, as Personal Representative of the Estate of Sallie Pearl Wiggins, Deceased, Appellee.
No. 98-1169.
District Court of Appeal of Florida, Fourth District.
April 14, 1999.
*524 Robert C. Nall of Stewart, Nall, Evans & Hafner, P.A., Vero Beach, for appellant.
Fred L. Kretschmer, Jr. of Moss, Henderson, Blanton, Lanier & Devonmille, P.A., Vero Beach, for appellee.
BROWN, LUCY CHERNOW, Associate Judge.
The issue presented by this appeal is whether the trial court's method of apportioning the distribution of wrongful death settlement proceeds among the decedent's survivors and estate was reasonable and equitable where the settlement was less than the full value of the claim.
This case started with a tragic traffic accident. As she was being driven home from a family gathering, 81-year-old Sally Pearl Wiggins was critically injured in a collision caused by an inattentive driver who ran a stop sign. Mrs. Wiggins died from her injuries after a nine day hospitalization. She left behind six adult children, as well as various creditors seeking payment for medical and funeral services rendered. The family filed a petition for administration of Mrs. Wiggins' intestate estate. The court appointed Charlie Mae W. Destin, one of the surviving children, personal representative for the estate. Indian River Memorial Hospital ("IRMH") filed a statement of claim in the amount of $19,030.90, claiming that $16,761.25 of the $19,030.90 was due for hospital services rendered from May 26, 1997, the date of the accident, through June 4, 1997, the date of her death. The personal representative, through counsel, demanded and recovered the $100,000 policy limits on the adverse driver's insurance policy on behalf of the survivors and the estate.
The trial court conducted a hearing on the petition at which time the court received, over IRMH's objection, the expert testimony of David Carter, Esquire, a local attorney specializing in personal injury and wrongful death cases. Mr. Carter testified as to his opinions concerning the probable jury verdict, had this wrongful death case gone to jury trial, for the survivors and for the estate, as well as the appropriate apportionment of settlement funds between the survivors and the estate. Mr. Carter was the sole witness called to testify by the personal representative. IRMH called no witnesses.
In arriving at his estimate of the full value of recoverable damages in this case, Carter utilized his own professional experience, spoke with the personal representative about *525 her relationship with Mrs. Wiggins, as well as the relationships of the other children to the decedent, and researched Florida jury verdicts in lawsuits in which adult children sought damages for wrongful death of a parent. Because the legislature had recently amended the Florida wrongful death statute to allow surviving adult children to recover damages, Carter found only four applicable cases. The verdicts ranged from $16,000 per child to $400,000 per child. Carter dropped both of these cases from his calculation and utilized the two middle cases in which the adult children received $100,000 and $150,000 each. He averaged these two cases and concluded that $125,000 per child would be a reasonable verdict in this case. He multiplied $125,000 by six, and added funeral and medical expenses of $26,000, which would be recoverable by the estate. Thus, he calculated a total recovery of $775,000. Of this total, the $26,000 to which the estate was entitled equaled 3.3%.
Because the settlement funds available were limited to $100,000, Carter opined that an equitable distribution as between the estate and survivors would be for the estate to receive 3.3% of the $100,000, just as it would have been entitled to 3.3% of $775,000, had the full value of the wrongful death claim been obtained.
The personal representative correctly recognized her fiduciary duty to both the survivors and the estate and, therefore, her duty to allocate the available settlement proceeds in a fair and equitable manner. See University Med. Ctr. v. Zeiler, 625 So.2d 120, 122 (Fla. 5th DCA 1993). Accordingly, the personal representative recommended that the court award $15,000 to each of the six adult children and the remaining $10,000 to the estate. Mr. Carter testified that, in his opinion, the proposed award of approximately $10,000 to the estate would be more than reasonable, in that it was well over 3.3% of the total actual recovery.
Based on the testimony and argument of counsel, the trial judge issued an order determining distribution of estate assets in accordance with the personal representative's proposed distribution. The $10,000 awarded to the estate was distributed pursuant to the Florida Probate Code, section 733.707, Florida Statutes (1997), as follows:

$3,330.00 Attorney's fees to counsel for
 obtaining the recovery from the
 tortfeasor's insurance company.
$ 200.00 Personal representative fee for
 services.
$1,500.00 Attorney's fees for estate administration.
$ 450.00 Expenses of estate administration.
$4,516.67 Funeral expenses.

According to the statutory order of payment of expenses and obligations provided by the Florida Probate Code, the trial court recognized that virtually no funds would be available from which the claims of the medical creditors could be paid and ordered that no such creditors were to receive payment from the estate. IRMH, a Class 4 medical creditor, under section 733.707(1)(d), filed this appeal, challenging the trial court's method of apportioning the distribution of settlement proceeds. We find the trial court's method of apportionment was reasonable and equitable under the circumstances.
IRMH argues two points on appeal. First, it asserts the trial court erred by not making available funds to pay reasonable and necessary hospital expenses for the decedent's last illness. It cites Zeiler for the proposition that the trial court's distribution was per se unreasonable. We do not read Zeiler so broadly. The holding in that case simply required the personal representative of an estate to apportion the proceeds between the survivors and the estate in a reasonable and equitable manner. Zeiler, 625 So.2d at 122. The personal representative in Zeiler allocated no assets to the estate and distributed the $100,000 settlement such that two-thirds went to the survivors and one-third for attorney's fees and costs. Id. The court erred by accepting that settlement where the personal representative did not even attempt an equitable distribution and completely omitted the estate's claim. Id. In the instant case, the personal representative *526 presented a fair and reasonable plan of equitable distribution to the trial judge, supported by expert testimony.
Secondly, IRMH urges this court to find error in the trial court's admission of expert opinion testimony as to the full value of the wrongful death claim, as a basis for a plan of equitable distribution of assets. IRMH asserts that the trial judge should have rejected such testimony as simply a speculative basis on which to artificially inflate a probable jury verdict and a device to omit its claim. We cannot agree. While we have found no appellate case regarding such testimony in this specific context, in analogous contexts, attorneys have been allowed to testify as experts concerning the full value of personal injury and wrongful death claims. See, e.g., AGC Risk Management Group, Inc. v. Orozco, 635 So.2d 1034, 1035 (Fla. 3d DCA 1994)(stating that expert attorney testimony is competent evidence which should be considered by the trial court in assessing the full value of damages sustained by injured employee in worker's compensation context)(citing Arone v. Sherwood, 561 So.2d 1269, 1271 n. 1 (Fla. 4th DCA 1990)). Attorneys have likewise been found competent to testify as to their opinions concerning the allocation of comparative negligence. See, e.g., Orlando Regional Med. Ctr., Inc. v. Estate of Heron, 596 So.2d 1078, 1081 (Fla. 5th DCA 1992), rev. denied, 604 So.2d 487 (Fla.1992); Adjustco, Inc. v. Lewis, 491 So.2d 578, 580 (Fla. 1st DCA 1986).
While the result here is harsh in that IRMH received no compensation for its claim, we find no abuse of discretion in the trial court's reliance on a recognized expert in personal injury law, and no error in the trial court's method of apportioning the distribution of settlement proceeds among the survivors and the estate. The trial court employed a reasonable and equitable method of distribution and, accordingly, complied with the requirements of both the Florida Wrongful Death Act and the Florida Probate Code. In approving the method employed in this case, however, we do not intend to limit trial courts to the use of this particular formula. So long as the trial court considers and fairly apportions both the claims of the survivors and the claims of the estate and bases its decision on substantial competent evidence, as did the trial judge here, we will find no error.
AFFIRMED.
POLEN and STEVENSON, JJ., concur.