758 So.2d 1203 (2000)
Ronald HESS, as Personal Representative of the Estate of Tiffany Amelia Hess, Appellant,
v.
Nancy HESS, Appellee.
No. 4D99-1765.
District Court of Appeal of Florida, Fourth District.
May 17, 2000.
Thomas F. Luken, and S. Elysha Luken, Fort Lauderdale, for appellant.
Bruce C. Baillie, Stuart, for appellee.
GROSS, J.
The issue in this case is whether a probate judge must take into consideration the comparative fault of a survivor when asked to allocate proceeds of a wrongful death claim that has been settled before suit is filed. We hold that when the issue is raised by a survivor, the judge must give effect to section 768.20, Florida Statutes (1999), and consider a defense that *1204 "would bar or reduce a survivor's recovery if she or he were the plaintiff."
Ronald and Nancy Hess were divorced on September 20, 1993. Two children were born during the marriage, Tiffany and Morgan. While the parties shared parental responsibility, Ronald was designated as the primary residential custodial parent.
On October 9, 1996, Nancy was driving her Toyota Corolla in Martin County, with Tiffany and Morgan in the car. Neither child wore a seatbelt. At an intersection without any traffic control device, Nancy attempted a left turn into oncoming traffic. Her vehicle was struck by a Jeep Cherokee driven by Carol Capps and leased by her husband, Michael Capps. Eleven-year-old Tiffany died as a result of the accident.
Ronald initiated a probate action in Martin County and was named as the personal representative of the estate of Tiffany Hess. As personal representative, Ronald made a claim for damages against the Capps and their insurer for their policy limit of $100,000. After negotiations, but before a wrongful death suit was filed, the parties reached a settlement; the Capps and their insurer agreed to pay the policy limit of $100,000 in exchange for a release from liability.
Ronald petitioned the probate court for authority to settle the claim. The court entered an agreed order approving the $100,000 settlement. The order did not allocate the settlement proceeds.
Ronald subsequently petitioned the probate court to apportion the settlement proceeds among the survivors by allocating the entire settlement sum to himself, with no proceeds to Nancy. As a basis for such an unequal distribution, the petition argued that the "accident was caused wholly by [Nancy's] driving." Nancy's answer requested an equal apportionment between herself and Ronald, contending that such proceeds should be divided based upon the principles of intestate succession.[1]
The probate court conducted a non-jury trial on the issues framed by the petition and answer. The final order of apportionment included the following findings of fact:
2. At the time of the accident [Tiffany] was leaning over the front seat to attend to her sister in the rear seat. [Nancy's] attention was momentarily distracted and at a time just immediately preceding the collision[,] [Nancy] was looking over her shoulder to her daughter in the rear seat, and was not looking at the oncoming traffic.
3. Based upon the undisputed facts and the facts as determined by the court, the court has concluded that [Nancy] was 100 percent responsible and liable for the accident and the resulting death of [Tiffany].
As a matter of law, the court concluded that division of the proceeds of the settlement was controlled not by the wrongful death statute, but by the application of the probate code to "apportion the benefits among the survivors." The court reasoned that under the probate code, only section 732.802(1), Florida Statutes (1999), provides "any basis for denying benefits to a survivor"; the court ruled that that statute was inapplicable to a case involving an unintentional killing or death caused by negligence. The court held that under the probate code, Nancy was entitled to one-half of the settlement proceeds, after the deduction of fees and costs.
The cause of action for wrongful death is "created and limited" by the Florida Wrongful Death Act, sections 768.16-768.27, Florida Statutes (1999). First Healthcare Corp. v. Hamilton, 740 So.2d 1189, 1195 (Fla. 4th DCA), rev. dismissed, 743 So.2d 12 (Fla.1999). Section 768.20 *1205 requires that a wrongful death action be brought by the decedent's personal representative, "who shall recover for the benefit of the decedent's survivors and estate all damages, as specified in this act, caused by the injury resulting in death." The purpose of requiring the action to be brought by the personal representative is to eliminate the possibility of a multiplicity of suits by competing beneficiaries and avoid a race to judgment. See Funchess v. Gulf Stream Apartments at Broward County, Inc., 611 So.2d 43, 45 (Fla. 4th DCA 1992).
The statute's designation of the personal representative as the party plaintiff in a wrongful death action does not indicate a legislative intent that the wrongful death act be subsumed by the probate code. Section 768.21 specifies those damages recoverable by survivors and by the estate. Significantly for this case, section 768.20 provides that a defense such as the comparative negligence of a survivor be taken into account to reduce that survivor's recovery:
A defense that would bar or reduce a survivor's recovery if she or he were the plaintiff may be asserted against the survivor, but shall not affect the recovery of any other survivor.
Thus, in a jury trial, one of the issues for the jury's resolution could be the comparative negligence of a survivor. See generally Frazier v. Metropolitan Dade County, 701 So.2d 418, 420 (Fla. 3d DCA 1997). If a case is settled before trial, questions concerning the apportionment of proceeds between survivors are to be resolved by the trial judge. See § 768.25, Fla. Stat. (1999).
This case should not be treated any differently because the personal representative expeditiously settled the claim without filing suit. Where a wrongful death claim is settled before a lawsuit is filed, the proper forum for resolving disputes between survivors, and between survivors and estate creditors, is the probate court where the personal representative was appointed. This was the procedure utilized in In re Estate of Wiggins, 729 So.2d 523 (Fla. 4th DCA 1999). In that case, the personal representative settled a wrongful death claim with the tortfeasor for the $100,000 policy limits. Because there were six adult children and various creditors, the personal representative filed a petition for administration seeking guidance from the probate court in distributing the proceeds of the settlement. At an evidentiary hearing, the personal representative presented evidence supporting a proposed plan of distribution. This court upheld the probate court's order of distribution. We identified the court's responsibility under the wrongful death act as selecting a method of apportionment that was "reasonable and equitable under the circumstances." Id. at 525.
In this case, the trial court erred in its conclusion that the wrongful death act had no part in its decision on how to allocate the proceeds of settlement. When asked to apportion the proceeds of a wrongful death settlement, a court must look to the statute to identify both the "survivors" and recoverable damages. See §§ 768.18(1), 768.21, Fla. Stat. (1999). In fashioning a "reasonable and equitable" distribution, a court might be called upon to place a value on the intangible losses of various survivors. Section 768.20 expresses the legislature's decision that a survivor's recovery be reduced by that survivor's comparative negligence. Where there has been a settlement of a wrongful death claim, the comparative fault of a survivor is a matter to be decided by the judge asked to apportion proceeds.
We reject appellee's argument that the settlement of a claim before suit is filed precludes a court from looking to the wrongful death act to apportion the proceeds of settlement. Appellee argues that all such distributions must be pursuant to the probate code. This approach ignores Florida's public policy in favor of settlement and would result in the filing of *1206 lawsuits solely to address the claims of the various survivors. Moreover, we do not discern in the wrongful death act any intent to abandon its provisions to the probate code when a case is expeditiously settled. A party should not be able to avoid the effect of section 768.20 because a case is settled.
After an evidentiary hearing, the trial court found that appellee was "100 percent responsible and liable for the accident and the resulting death of the decedent." Under section 768.20, a defense of comparative negligence may be asserted against a survivor seeking recovery under the act. The trial court's determination of appellee's complete fault for the accident therefore forecloses any recovery for her under the wrongful death act. We reverse the order apportioning settlement proceeds and remand for the entry of an order allocating such proceeds solely to appellant, after the deduction of attorney's fees and costs.
GUNTHER and SHAHOOD, JJ., concur.
NOTES
[1] Section 732.103(2), Florida Statutes (1999), provides that where there are no surviving spouse and no lineal descendants of a decedent, an intestate estate shall pass "to the decedent's father and mother equally, or to the survivor of them."