# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-3385
Lower Tribunal No. 2020-CA-003910-O
_____

CAPTAIN D'S, LLC,

Appellant,

v.

UNIFIED BRANDS, INC. and REGINA AKINS,

Appellees.

_____

Appeal from the Circuit Court for Orange County.
A. James Craner, Judge.

July 12, 2024

WOZNIAK, J.

Captain D's, LLC timely appeals the Order on Plaintiff Regina Akins' Motion for Equitable Apportionment, which, inter alia, denied Captain D's, LLC's claim for full reimbursement of the workers' compensation benefits it had paid to, or on behalf of, Regina Akins. The trial court, governed by section 440.39(3), Florida Statutes (2023), found that Akins had not received full value for her injuries in a settlement with a third party and reduced Captain D's, LLC's workers' compensation lien

accordingly.[1]  *See Luscomb v. Liberty Mut. Ins. Co.*, 967 So. 2d 379, 383 (Fla. 3d DCA 2007) ("[T]he controlling factor for evaluating the settlement allocation is 'the ratio of net recovery to full value of damages.'" (quoting *Manfredo v. Emp.'s Cas. Ins. Co.*, 560 So. 2d 1162, 1165 (Fla. 1990))).  Captain D's, LLC argues on appeal, as it did below, that there was no competent evidence that Akins did not recover the full value of damages sustained, and thus it was error for the court to reduce the lien. We agree and reverse for recalculation of the apportionment amounts.[2]

At the apportionment hearing, Akins testified about her injuries and current employment, and Akins' counsel, who was unsworn, stated, "[W]e feel that a fair value of the case—a full value of the case would be a million dollars."[3]  How he arrived at that figure was never explained; no evidence was provided that supported it.  Although expert testimony is not required, the employee does have the burden of providing competent evidence that demonstrates to the court that she did not recover the full value of her damages.  *Am. States Ins. Co. v. Rozier*, 450 So. 2d 547, 548 (Fla. 4th DCA 1984); § 440.39(3)(a), Fla. Stat.  Without such record evidence, a trial

---

[1] The settlement was confidential.

[2] We find no merit in the other issues raised.

[3] Had counsel been sworn, the court could have considered his testimony.  *See AGC Risk Mgmt. Grp., Inc. v. Orozco*, 635 So. 2d 1034, 1035 (Fla. 3d DCA 1994) ("In assessing the full value of damages sustained, the sworn testimony of an attorney is competent evidence which should be considered by the trial court." (citations omitted)).

court cannot properly exercise its discretion in determining the apportionment issue. That evidentiary failure here requires that we reverse and remand for recalculation of the lien apportionment amounts.

REVERSED and REMANDED for further proceedings.

BROWNLEE and GANNAM, JJ., concur.

Andrew S. Ballentine, of Cornerstone Law Firm, PLLC, Winter Springs, for Appellant.

William E. Ruffier, of Dellecker, Wilson, King, McKenna, Ruffier & Sos, LLP, Orlando, for Appellee Regina Akins.

No Appearance for Appellee, Unified Brands, Inc.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED