615 So.2d 173 (1993)
Robert R. CUMMINS, Petitioner,
v.
Cathy L. CUMMINS, Respondent.
No. 93-353.
District Court of Appeal of Florida, Fifth District.
February 24, 1993.
*174 Gus R. Benitez of Benitez & Butcher, P.A., Orlando, for petitioner.
George L. Dorsett, Asst. County Atty., Orange County Attorney's Office, for respondent Orange County.
No appearance for respondent Cathy Cummins.

PETITION FOR WRIT OF HABEAS CORPUS
W. SHARP, Judge.
Cummins sought the issuance of a writ of habeas corpus from this court to obtain his release from the Orange county jail where he was to be confined for 180 days for civil and criminal contempt. Realizing that the criminal rules were not followed in this case, the trial judge orally corrected the judgment as being one for civil contempt only. The order provides that Cummins shall be released from jail if he pays $9,000 towards his support arrearages (child support and alimony), and he shall remain free if he pays $1,000 per month thereafter until all of his $18,000 arrearages are paid. Because we find the trial court erroneously determined Cummins has the present ability to pay these "purge" amounts we issued the writ requiring his immediate release from jail. Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985). This opinion follows.
Our difficulties in dealing with this case stem from the fact that there was no court reporter present at the contempt hearing and Cummins appeared pro se. The bits and pieces of the record which were sent to us indicated a very shaky basis to conclude Cummins had the present ability to pay the purge amounts, but no sure way to conclude what evidence the trial court relied on to support its finding of present ability.
However, after the contempt hearing, and after Cummins was jailed, an attorney was retained to represent him. Two hearings were held subsequently, which were transcribed by a court reporter. The trial judge stated clearly on the record the basis for his finding of present ability, and he summarized the other evidence. We rely upon his oral reconstruction of the record and upon the exhibits attached to the petition for habeas corpus, which were used at the contempt hearing.
Cummins had been a twenty-two year member of the Michigan Bar Association, and had earned at least $65,000 per year. He and his wife divorced in 1989, and he became obligated to pay alimony and child support for two children. In 1992, he was held in contempt for failure to pay support under that decree by the Michigan court, and his former wife brought these proceedings in Florida to enforce the Michigan decree.
There was no dispute as to Cummins' current financial status and income. He left Michigan for Florida in 1991, after having been fired from his law firm for alcohol abuse. He has no assets beyond *175 his clothing, personal articles and automobile.[1] He is now a recovering alcoholic.
In September of 1991, he commenced a teaching career at Southern College in Orlando. He gradually added additional courses in subsequent quarters, all dealing with aspects of law and legal research. Although he earned only $9,396 in 1992, he paid $3,226 towards his support obligations.
In 1992, he became a full-time faculty member. Cummins' current annual salary is $22,360. He has a chance to become a department head, which will allow him to earn in the $40,000 range although his present incarceration may result in his losing his job with the college. He has no plans to go back into the practice of law in Michigan or in Florida. Significantly, there was no evidence that Cummins' present earning capacity in Michigan or in any other place is more than $22,360 per year.
The trial court found Cummins had the present ability to pay the purge amounts simply because he has a law degree, years of experience as a practicing lawyer, and theoretically he has the ability to earn considerably more than $22,000 per year as a lawyer rather than a teacher. The judge said:
The issue to me is ... obviously by his testimony he did not have an ability to pay based on the income he was earning now, ability to pay the arrearages. He has the ability to perhaps pay some of the arrearages but not any significant amount.
* * * * * *
And that based on his legal training that ... whether he were admitted to practice in other states or not, I don't know, but at least in the State of Michigan he could be practicing law as an attorney and earning considerably more than what he was earning now teaching part-time or working towards a full professorship at a trade school... .
* * * * * *
But it was the court's conclusion that I had the right to impute the ability to pay based on his election voluntarily through no  no control of anyone else to renounce his income potential as an attorney  I think he said he practiced in Worker's Compensation in Michigan  to renounce his ability  earning ability as an attorney, Workman's Compensation attorney in Michigan and to elect not to  not to work at the  in the greatest earning capacity that he could work in.
And based on that voluntary election that I felt he had the ability to pay one-half, and I think I determined the arrearages to be a rounded figure of eighteen thousand... .
* * * * * *
And consequently because he had elected this life-style, I felt that someone with a law degree who was a successful practicing attorney in the State of Michigan who is now a recovering alcoholic, who has been alcohol free for at least two years and possibly three years, had a greater earning capacity than working as a part-time or even full-time teacher at a trade school at a salary of no more than twenty-two or twenty-three thousand a year... .
* * * * * *
... while the testimony is uncontroverted concerning his present earnings, he's not ... he's not working nearly up to earning ability that he had based on his degrees and education and training . .. (emphasis supplied).
Civil contempt requires the finding of willful failure to pay ordered support payments, and if incarceration is deemed appropriate, an affirmative finding that the contemnor possesses the present ability to comply with the purge order. Bowen at 1279. The court may look to all assets from which the amount might be obtained. Without the present ability to pay from some available asset, the contemnor holds *176 no key to the jailhouse door. Bowen at 1277.
In this case, there were no assets available to Cummins with which to meet the $9,000 purge and his income as an instructor was totally inadequate to pay that larger sum, even if he could have met the $1,000 per month payments thereafter. The conclusion of the trial judge that Cummins theoretically could earn more as a lawyer in Michigan is not the equivalent of a presently available asset or income. Even a finding that a person has willfully divested himself of assets does not support a finding of present ability to pay. See Bowen; Gibson v. Bennett, 561 So.2d 565 (Fla. 1990). Similarly, a finding of willful reduction of income through earning less at a lower paying job does not support a finding of present ability to pay in the context of civil contempt purge orders.
We concluded that Cummins' incarceration was illegal, and we granted his petition for habeas corpus in advance of this opinion. However, we remand this cause to the trial court for further proceedings. As the Florida Supreme Court said in Bowen, the trial court has available to it other alternatives to incarceration, which may be more appropriate in this case. For example, the court may issue a writ directing garnishment of Cummins' salary to satisfy a support obligation,[2] or an income deduction order.[3] On remand, the trial court shall be free to revisit ways to enforce the Michigan decree and payment of Cummins' arrearages accrued thereunder.
PETITION FOR WRIT OF HABEAS CORPUS GRANTED; REMANDED.
COBB and COWART, JJ., concur.
NOTES
[1] The 1989 Michigan divorce decree indicates neither party left the marriage with any substantial assets.
[2] § 61.12, Fla. Stat. (1991).
[3] § 61.1301(1), Fla. Stat. (1991).