647 So.2d 1044 (1994)
Melvin WASHBURN, Appellant,
v.
Marie WASHBURN, Appellee.
No. 93-3799.
District Court of Appeal of Florida, Fourth District.
December 21, 1994.
Christine E. Bryce, Miami, for appellant.
No brief filed by appellee.
PER CURIAM.
This is an appeal from a final order adjudicating appellant, former husband, in contempt of court for failure to pay court ordered alimony. The former husband also appeals the trial court's denial of his Emergency Motion for Reconsideration of Order of Contempt. Because the trial court's final order fails to make the requisite findings that appellant had the present ability to pay the purge amount and that there was a willful and deliberate refusal to obey the court order, we reverse.
Appellant was ordered to pay $75 per week in alimony pursuant to a Final Judgment of Dissolution of Marriage, entered April 1, 1985. In October, 1992, appellant filed for a modification of the Final Judgment, which motion was denied. Appellant *1045 challenged the denial but it was affirmed on appeal. Washburn v. Washburn, 640 So.2d 1122 (Fla. 4th DCA 1994).
Subsequent to the denial of appellant's motion for modification, the trial court entered an order finding appellant in contempt of court for failure to pay the arrearage on the alimony payments. The court ordered that appellant either serve 10 days in jail or pay the purge amount of $500.00. Appellant also filed for an Emergency Motion for Reconsideration, arguing that the order on the motion for contempt was in contravention of applicable law. The motion was denied and it is from these orders that the former husband appeals.
We find the order of the trial court on the motion for contempt to be deficient in several respects. First, the trial court fails to make specific findings in the written order that Appellant had the present ability to pay the purge amount[1]. See Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985). See also Connolly v. Connolly, 543 So.2d 356, 357 (Fla. 2d DCA 1989), (civil contempt order had to be set aside because trial court failed to make a specific finding in written order that the former husband had the present ability to pay the purge amount and because the record did not contain a transcript of the proceedings reflecting evidence of the appellant's ability to pay the purge amount.) Secondly, the trial court's order is deficient in that it does not contain an express finding of willful or deliberate refusal to obey a court order. Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985); Commonwealth Fed Sav. & Loan v. Tubero, 569 So.2d 1271, 1273 (Fla. 1990).
Accordingly, we reverse and remand with directions that the trial court conduct further proceedings, if necessary, and enter a written order consistent with this opinion.
FARMER and STEVENSON, JJ. and OWEN, WILLIAM C., Jr., Senior Judge, concur.
NOTES
[1] Unfortunately, the record before us does not contain a transcript of the contempt hearing.