PER CURIAM.
The former husband, William Ze-bracki, appeals from an order finding him in contempt and conveying his interest in the marital home to the former wife in lieu of payment for child support arrearages. We reverse. The trial court adopted a report of the general master without having the benefit of a written record of the proceedings in violation of rule 1.490(f), Florida Rules of Civil Procedure. See Berk v. Berk, 423 So.2d 1018 (Fla. 4th DCA 1982).
The order of contempt must also be reversed because there was no finding of a present ability to pay and a willful failure to do so. Bowen v. Bowen, 471 So.2d 1274 *851 (Fla.1985); LeNeve v. Navarro, 565 So.2d 836 (Fla. 4th DCA 1990).
Former husband also argues that the court should not have ordered him to convey his interest in the former marital home to the former wife, to satisfy his indebtedness to her, in the absence of a finding as to the value of his interest in the home. We agree. Garland v. Garland, 118 So.2d 52 (Fla. 3d DCA 1960).
REVERSED AND REMANDED.
KLEIN and PARIENTE, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.