658 So.2d 627 (1995)
Richard E. BROWN, Appellant,
v.
Nora BROWN, Appellee.
No. 94-1012.
District Court of Appeal of Florida, Fifth District.
July 21, 1995.
*628 Richard E. Brown, Daytona Beach, pro se.
No Appearance for Appellee.
THOMPSON, Judge.
The former husband, Richard E. Brown ("Brown"), appeals an order finding him in civil contempt of court for failing to pay court-ordered child support to the former wife, Nora Brown. The order sentenced Brown to 30 days in jail unless he purged himself by paying an arrearage of $1,254.78 within 14 days of the entry of the order. We reverse because the trial court's order did not contain adequate findings that Brown's failure to pay was willful or that Brown had the present ability to pay the purge amount, and because the order did not contain a provision for Brown to purge himself after his incarceration.
This court has held that an order of civil contempt must contain certain minimum requirements. In Cummins v. Cummins, 615 So.2d 173 (Fla. 5th DCA 1993), this court stated that:
Civil contempt requires the finding of willful failure to pay ordered support payments, and if incarceration is deemed appropriate, an affirmative finding that the contemnor possesses the present ability to comply with the purge order.
Cummins, 615 So.2d at 175 (citing Bowen v. Bowen, 471 So.2d 1274, 1279 (Fla. 1985)). The trial court's finding that Brown "has the ability to meet his child support obligations as previously ordered by this Court" would appear to be sufficient. Pope v. McKee, 565 So.2d 785, 786 (Fla. 5th DCA 1990). This finding was contradicted, however, by the trial court's later finding that Brown was indigent for appeal purposes. The supreme court has held that a finding that a contemnor is indigent affirmatively establishes that the contemnor does not have the present ability to pay a purge amount. Bowen v. Bowen, 471 So.2d 1274, 1279 (Fla. 1985). Accordingly, this case must be remanded for the trial court to conduct a hearing in order to make a specific finding regarding Brown's present ability to pay the purge amount. Marcellus v. Voltaire, 649 So.2d 944, 944 (Fla. 4th DCA 1995).
Another ground for reversal of the contempt order is that the trial court did not make any finding that Brown's failure to pay court-ordered child support was willful. Zebracki v. Zebracki, 648 So.2d 850, 850-51 (Fla. 4th DCA 1995); Washburn v. Washburn, 647 So.2d 1044, 1045 n. 1 (Fla. 4th DCA 1994); Cummins, 615 So.2d at 175. Further, the purge provision of the order was improper because it did not allow Brown to purge himself of the civil contempt after incarceration. We have held similar provisions invalid. See Broyles v. Broyles, 573 So.2d 357, 360 (Fla. 5th DCA 1990), (holding that contempt order was "defective because it [did] not contain an express provision for purging any contempt after incarceration through payment of the ordered amounts"), review dismissed, 584 So.2d 997 (Fla. 1991). Finally, the order did not provide for another hearing at the time of incarceration to determine if Brown still had the present ability to pay. Because the incarceration provision was prospective, Brown was entitled to the second hearing. Miller v. Miller, 587 So.2d 601, 601 (Fla. 5th DCA 1991).
Accordingly, we reverse the contempt order and remand for the trial court to conduct a hearing and to enter an order containing specific findings consistent with this opinion.
*629 REVERSED and REMANDED for further proceedings.
PETERSON, C.J., and GOSHORN, J., concur.