FRANK, Acting Chief Judge.
The Department of Environmental Protection (DEP) sued Spade Engineering Co., James F. Spade, and Rookery Bay Utility Company, collectively referred to as Rookery Bay, for failure to remedy environmental problems at a wastewater treatment plant. Rookery Bay was held in contempt, and further sanctions were imposed when it failed to purge the contempt. We are required to consider whether Rookery Bay was afforded the correct process and whether the penalties were appropriate.
Rookery Bay entered into a consent final judgment in January of 1994, which required certain corrective actions to be undertaken at *1064 its sewage treatment facility. In March of 1994 DEP sought to have Rookery Bay held in contempt because it had failed to comply with the consent final judgment. Following an evidentiary hearing, the trial court entered an order in September of 1994 finding Rookery Bay in civil contempt. Rookery Bay did not appeal that order.
The contempt order required the court, within ninety days, to set a hearing to determine the efforts Rookery Bay had made to comply with the court’s orders. After the passage of several months DEP’s counsel wrote a letter to the trial court requesting that a compliance hearing be conducted. Rookery Bay now contends that the court erred in setting a hearing without a formal motion by DEP. It is plain that the provision in the contempt order announcing that a further hearing would be conducted obviated the need for the formality of a motion; a notice was sufficient.
Rookeiy Bay appeared at the scheduled hearing on August 29, 1995 and apparently requested additional time. Because DEP officials had not been able to inspect the Rookery Bay plant, the trial court rescheduled the hearing for September 8,1995. The trial court, however, denied Rookery Bay’s request for an extended additional delay sought solely to accommodate Rookery Bay’s lawyer’s vacation plans. Thus, rather than appearing at the September 8 hearing, Rookery Bay’s attorney filed a “motion to strike the case from the hearing docket.” Rookery Bay’s contention on appeal, totally unsupported with any authority, is that the filing of the motion divested the trial court of jurisdiction to hear the previously scheduled matter. We reject that argument; we have found no basis for the motion. Rookery Bay and its counsel had notice of a hearing but simply elected not to attend.
The trial court’s amended order denying the purgation of contempt recites that Rookery Bay failed to comply with the conditions set forth in the order on the motion for contempt and thus remained in indirect civil contempt. As a result, the court levied a fine of $10,000.00 per day for the facility’s noncompliance and ordered James F. Spade, II, to be jailed. The order provided for a suspension of the jail sentence for sixty days to allow an opportunity to correct the problems, but mandated that the jail sentence would automatically be imposed upon the filing of an affidavit by DEP documenting continued noncompliance.
We find the trial court’s penalties invalid. First, the incarceration provision is defective because it provides for issuance of an arrest warrant upon the filing of an affidavit by DEP without requiring an additional hearing. Notice and an opportunity to be heard are required before imprisonment can be imposed. Haymon v. Haymon, 640 So.2d 1204 (Fla. 2d DCA 1994). Second, the fine, although allegedly statutory, was assessed without a determination of ability to pay. See Haymon; Johnson v. Bednar, 573 So.2d 822 (Fla.1991). Here, as in Johnson, the fine is coercive, and was exacted to compel submission to the previous court order. To determine, however, “what is necessary to force the contemnor into compliance with the court order,” the court must first ‘“consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired,’ as well as ‘the amount of defendant’s financial resources and the consequent seriousness of the burden to that particular defendant.’” Johnson, 573 So.2d at 825 (quoting United States v. United Mine Workers, 330 U.S. 258, 304, 67 S.Ct. 677, 701, 91 L.Ed. 884 (1947)).
DEP has argued that Rookery Bay waived any right to tender proof of inability to pay the fine by having faded to appear at the hearing. Even if that contention were persuasive, the order is deficient in not reciting a foundation for the imposition of a fine of such magnitude. The original contempt order suggested that better management of the facility would have enabled Rookery Bay to muster the financial resources to remedy the defects in the plant. Although DEP contends that these findings create the presumption that Rookery Bay can pay the amount necessary to purge the contempt, such presumption would extend only to Rookery Bay’s ability to cure the problems and not to pay a fine accumulating at the *1065 rate of $10,000 per day. Assuming that the fine was imposed pursuant to section 403.141(1), Florida Statutes (1995), which provides for a fine a $10,000 per day when certain environmental offenses continue, that statute is not mandatory and permits consideration of mitigating evidence. On remand, the trial court must correct the incarceration portion of the order and conduct further proceedings disclosing Rookery Bay’s ability to pay an appropriate fine.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and QUINCE, JJ., concur.