PER CURIAM.
This is an appeal from a final order denying appellant’s exceptions to the report of a general master finding appellant in contempt of a final judgment of dissolution of marriage. We reverse because there was no competent evidence of appellant’s ability to pay the alleged arrearages or the purge amount and because the general master, and consequently the court, erroneously presumed appellant’s ability to pay the accumulated arrearages. In addition, the court erroneously presumed the willfulness of his non-payment. See Pompey v. Cochran, 685 So.2d 1007 (Fla. 4th DCA 1997); see also Hewitt, Coleman & Assocs. v. Lymas, 460 So.2d 467 (Fla. 4th DCA 1984)(argument of counsel is not evidence), rev. denied, 471 So.2d 43 (Fla.1985); Gatlin v. Jacobs Constr. Co., 218 So.2d 188 (Fla. 4th DCA), cert. denied, 225 So.2d 529 (Fla.1969).
*1193 We further find that the trial court erred in adopting the master’s report without a written record, erred in referring the case to a general master without the consent of the parties, and erred in approving the master’s report prior to consideration of appellant’s timely exceptions thereto.[1] See Zebracki v. Zebracki, 648 So.2d 850 (Fla. 4th DCA 1995); Rapaport v. Jewish Fed’n of Palm Beach County, Inc., 627 So.2d 617 (Fla. 4th DCA 1993); Hanor v. Hinckley, 584 So.2d 1129 (Fla. 4th DCA 1991).
Accordingly, the final order finding appellant in contempt is REVERSED.
DELL, STEVENSON and SHAHOOD, JJ., concur.

. Rule 12.490 of the Family Law Rules of Procedure, effective January 1, 1996, modifying rule 1.490, Florida Rules of Civil Procedure for family law cases, does not apply because the master's proceedings took place before its effective date.