FRANK, Acting Chief Judge.
Spade Engineering Company, James F. Spade, II and Rookery Bay Utility Company, collectively referred to as Rookery Bay, appeal from an order of contempt. We reverse because the order of contempt contains a defective purge provision with which it is impossible for the eontemnor to comply.
Rookery Bay had previously entered into a consent final judgment with the Department of Environmental Protection (DEP) after DEP filed suit against Rookery Bay for fail *975 ure to remedy certain environmental problems associated with two wastewater facilities owned and operated by Rookery Bay. The consent final judgment required Rookery Bay to undertake certain corrective actions at the facilities. On September 12, 1994, the trial court entered an order finding Rookery Bay in contempt for failure to comply with the consent final judgment. The trial court subsequently entered an amended contempt order from which Rookery Bay appealed and which this court reversed.[1] DEP filed another motion for contempt alleging that Rookery Bay had disobeyed the trial court’s September 1994 order and had failed to take the remedial action required by the consent final judgment. Following a hearing on DEP’s motion, the trial court entered a contempt order against Rookery Bay and ordered James F. Spade, II incarcerated for 179 days. Rookery Bay appeals from this order arguing that the purge provision is fatally defective. We agree.
The purge provision requires Rookery Bay to purge contempt by completing all actions required by the consent final judgment and the contempt order dated September 12, 1994 for the Rookery Bay facility. Regarding the Port-au-Prince facility, Rookery Bay may purge by either immediately connecting the plant to the Collier County wastewater treatment system or complying with the requirements of the consent final judgment and the contempt order dated September 12, 1994.
Pursuant to the consent final judgment Rookery Bay was to retain the services of a Florida registered engineer for the purpose of evaluating the plant, designing modifications, overseeing permitting and taking various other steps to improve performance of the Rookery Bay plant. Rookery Bay also was to comply with DEP rules and regulations. The record reflects that Rookery Bay retained the services of an engineer who undertook the actions required. There was conflicting testimony, however, regarding Rookery Bay’s compliance with DEP standards. The engineer Rookery Bay retained testified that the tests it had undertaken and those conducted by Collier County indicated that the plant was in compliance with DEP standards. DEP’s engineer testified that some tests he performed revealed violations of DEP’s standards. Even if Rookery Bay violated some of DEP’s standards, it appears that it made an effort to comply and, according to its testing, believed it had done so. Given this record, we do not believe Rookery Bay’s failure to meet DEP’s standards was willful, and therefore it does not support a finding of contempt. See International Medical Centers, Inc. v. Colavecchio, 563 So.2d 784 (Fla. 4th DCA 1990).
Regarding the Port-au-Prince plant, the record reflects that Rookery Bay had made arrangements for Collier County to take over the plant and had already laid the lines to connect the plant to the Collier County system. The County, however, refused to connect the plant to the County’s system unless Rookery Bay paid the County $54,000 in impact fees. Rookery Bay’s representative testified that the revenues generated by the facilities are inadequate to pay the impact fees and there were insufficient funds in the operating account to pay for them. Additionally, Rookery Bay had unsuccessfully attempted to obtain financing from commercial lenders, Collier County would not allow Rookery Bay to pay the fees in installments, and the County had no procedure in place by which Rookery Bay could pass the impact fees on to the Port-au-Prince users. In short, without the County’s cooperation, Rookery Bay is unable to purge itself of contempt.
The civil contempt order must contain a purge provision which permits the eontemnor to terminate incarceration by complying with the trial court’s order. Novak v. Snieda, 659 So.2d 1138 (Fla. 2d DCA 1995). The order at issue here is defective because the purge provision does not provide for a means by which Rookery Bay may end James Spade’s incarceration. Although the *976 trial court found that Rookery Bay would have the ability to pay the impact fees if it better managed its financial resources, the record does not support that finding. The only evidence adduced at the hearing regarding Rookery Bay’s financial ability to comply with the contempt order was presented by Rookery Bay’s representative who testified that Rookery Bay did not have the financial ability to pay the impact fees. DEP presented no evidence to refute Rookery Bay’s testimony. The trial court’s theoretical conclusion that Rookery Bay would have the ability to pay the impact fees if it better managed its financial resources, is not the equivalent of presently available assets or income. See Cummins v. Cummins, 615 So.2d 173 (Fla. 5th DCA 1993). Moreover, it was uncontro-verted that Rookery Bay has no authority to compel the County to connect the Port-au-Prince plant to the County system or to adopt a procedure by which to pass the impact fees to the users.
Reversed.
PATTERSON and QUINCE, JJ., concur.

. In Spade Engineering Co. v. State Department of Environmental Protection, 670 So.2d 1062 (Fla. 2d DCA 1996), this court in part reversed the amended order of contempt because it allowed for imposition of imprisonment without an opportunity to be heard and it failed to recite a foundation for imposition of a fine.