STONE, J.
The trial court entered orders of contempt, commitment, and for income deduction against Margherita Downey, the former wife, for the non-payment of child support. We reverse because the trial court’s finding of present ability to pay a purge conflicts with an order, entered two weeks earlier, that the former wife was insolvent.
The former wife filed a timely motion to vacate the orders, arguing that there was no evidence of her present ability to pay. Significantly, she pointed out that within a few weeks prior to the subject hearing on January 15, 2003, the court entered an order of insolvency for payment of costs in another appeal pending before this court.
*735 A contempt hearing was held on January 29, 2003. The former wife did not attend the contempt hearing at which the former husband introduced the former wife’s financial affidavit, filed a month earlier in support of an affidavit of indigency, that indicated she was employed by the office of the public defender earning a gross monthly income of $3,406.
Generally, incarceration cannot be imposed for willful failure to pay child support unless the court first determines that the party in contempt has the ability to pay. See, e.g., Gregory v. Rice, 727 So.2d 251 (Fla.1999). On its face, the court’s January 15, 2003 finding of insolvency conflicts with the trial court’s earlier findings of the former wife’s ability to pay.
In finding that the former wife had the ability to pay the purge, the trial court relied on the former wife’s affidavit of insolvency. Significantly, it is the same financial affidavit upon which the court entered the insolvency order.
In Marcellus v. Voltaire, 649 So.2d 944 (Fla. 4th DCA 1995), the trial court entered a contempt order and incarcerated Marcellus for failing to pay child support. Id. Soon thereafter, the trial court also entered an order of indigency finding Mar-cellus indigent for the purposes of paying appellate filing fees and costs. Id. While recognizing Marcellus’s uncooperativeness in paying support, this court stated, “we none-the-less are compelled to reverse the order under review.” Id. In reversing the trial court’s order, this court relied on Bowen v. Bowen, 471 So.2d 1274, 1279 (Fla.1985), where the supreme court held that “[t]he finding of the trial judge that the respondent was indigent for purposes of the appeal affirmatively established that the respondent was indigent and had no present ability to pay the purge amount.” Id. Accordingly, the matter was remanded for the trial court to “conduct a hearing in order to make specific findings on the appellant’s present ability to pay the purge amount....” Id.
Similarly, in Brown v. Brown, 658 So.2d 627, 628 (Fla. 5th DCA 1995), relying on Bowen and Marcellus, the court concluded that, because Brown’s ability to pay was contradicted by the trial court’s finding of indigence for appeal purposes, the order of contempt should be reversed and remanded for the trial court to conduct a hearing in order to make a specific finding regarding Brown’s present ability to pay the purge. Id.
We recognize that in Marcellus and Broum, the indigency orders were entered shortly after, rather than before, the order on appeal. Nevertheless, because the indi-gency finding here establishes that the former wife did not have the ability to pay, we must reverse so that the trial court may make more specific findings as to her ability to pay.
All other issues raised are moot. We remand for further proceedings.
SHAHOOD and HAZOURI, JJ., concur.