877 So.2d 797 (2004)
R.M., Father of S.M., A.M. and J.M., Children, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D04-130.
District Court of Appeal of Florida, Fifth District.
July 2, 2004.
Ryan Thomas Truskoski of Ryan Thomas Truskoski, P.A., Orlando, for Appellant.
Charles D. Peters, Orlando, for Appellee.
PLEUS, J.
R.M., father of S.M., A.M. and J.M., minor children, appeals from an order (entered in connection with a juvenile dependency action) entitled "Temporary Child Support Payments to Third Party," requiring him to pay child support to the State of Florida. The father asserts he was denied substantive and procedural due process in connection with the assessment of $1006.00 per month in temporary child support.
*798 In Case No. JUD-03-165, the Department of Children and Families (DCF) took R.M.'s three children into custody on September 15, 2003. DCF alleged in its shelter petition filed on September 16, 2003, that the children's mother left the children at a friend's house and did not return for them. The mother was drunk at the time of her interview and law enforcement arrested her for abandoning her children. The petition alleged that R.M., who worked as a long distance trucker, was contacted in Ohio by telephone and was returning to Florida.
A shelter hearing was held on September 16, 2003. According to the Order at Shelter Hearing entered on the same day by Judge Daniel Dawson, there was probable cause to believe the children were dependent. A guardian ad litem was appointed for the children and the mother was restricted to supervised contact with the children.
A dependency petition was filed by DCF on October 1, 2003. At the dependency arraignment held on October 23, 2003, the father was present. The father was adjudged insolvent and counsel was appointed for him. The father was ordered to attend a pre-trial hearing on December 10, 2003, and trial on December 15, 2003. The issue of child support was not raised at the arraignment. The father's contact with the children was ordered to be supervised by DCF or an approved adult.
On November 24, 2003, an order labeled "Temporary Child Support Payments to Third Party" was entered "In the County Court in and for Osceola County" though it was signed by Circuit Judge Dawson. This order states that the "cause came before the undersigned on November 24, 2003" and recites that the children were in the custody of Mary Crawford. The order adjudicated that the father "shall pay child support of $1006.06 per month commencing on November 24, 2003," for the three children. An income deduction order to this effect was entered by the circuit court on November 24, 2003. Both orders reflect a case number of DR-03-DJ-4715.[1]
The father maintains that his substantive due process rights were violated because child support was ordered before a finding of dependency was made. He additionally claims his procedural due process rights were violated because he was not afforded notice and an opportunity to be heard at what he labels a "secret meeting" where the issue of temporary child support was adjudicated.
As the father recognizes, the instant temporary child support order stems from a Chapter 39, Florida Statutes, action for dependency. The father argues there is no authority for requiring him to pay child support for his children pending a determination of dependency. The father contends that his obligation to financially support his children disappears once they are taken into State protective custody and only reemerges after a dependency adjudication is entered.[2]
The father cites no statutory or case law authority for such a construction *799 of his duty to support his children.[3] He argues that where the State takes his children against his will, it cannot then force him to pay for their care, that essentially his children then become a public charge. We reject this contention. In a shelter proceeding, the court determines whether probable cause exists to believe the child is dependent, i.e.,"has been abandoned, abused or neglected by the child's parent or parents or legal custodians." § 39.01(14)(a), Fla. Stat. Once such a probable cause finding is made and a lawful basis for sheltering a child is established, any claim that it is somehow a substantive due process violation for the State to require the parent, whose acts or omissions have necessitated State action, to financially provide for his or her child is without merit. Indeed, in Department of Health and Rehabilitative Services v. Powell, 490 So.2d 1043 (Fla. 2d DCA 1986), the Second District held that a finding of dependency by a court under Chapter 39 is not a necessary prerequisite to entry of a child support order at least in an action brought pursuant to Chapter 409, Florida Statutes.
More importantly, section 39.402(11), Florida Statutes, provides:
If a child is placed in a shelter pursuant to a court order following a shelter hearing, the court shall require in the shelter hearing order that the parents of the child or the guardian of the child's estate, if possessed of assets which under law may be disbursed for the care, support, and maintenance of the child, ... to pay, to the department or institution having custody of the child, fees as established by the department.... The shelter order shall also require the parents to provide to the department and any other state agency or party designated by the court, within 28 days after entry of the shelter order, the financial information necessary to accurately calculate child support pursuant to s. 61.30.
This subsection contemplates that a shelter order require the parents "to pay, to the department" and provide the necessary financial information to calculate child support. The September 16, 2003 shelter order does not mention monies payable to DCF, nor does it require the parents to provide DCF with the requisite financial information relating to child support. Thus, while DCF claims the father had notice of the possible imposition of temporary child support by virtue of subsection 39.402(11), the shelter order failed to invoke the provisions of the subsection.
A fair reading of the subsection reflects that it does provide a basis for a temporary child support assessment to ultimately be entered against the parent(s). Thus, where the subsection is invoked in the shelter order, the parents are on notice that they may be subject to an assessment for temporary child support. However, the parents are still entitled under notions of procedural due process to be heard as to the amount of such assessment. See Hill v. Dep't. of Children and Families, 835 So.2d 367 (Fla. 5th DCA 2003). There is no indication in the record that the father was accorded notice and an opportunity to be heard in connection with the entry of the order labeled "Temporary Child Support Payments to Third Party."
DCF asserts that because the father has not provided a transcript of the shelter hearing, he cannot show reversible error. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979). Under subsection 39.402(11), the shelter *800 hearing is not the hearing at which the amount of temporary child support is litigated and adjudicated. This is clear because the subsection provides that the shelter order require the parents to provide, within 28 days after its entry, the financial information necessary to calculate child support. In accordance with basic principles governing procedural due process, such assessment, in the absence of a waiver by the parent, is to be made after the parent is provided an opportunity to be heard on the issue of amount. DCF does not assert that subsequent to the entry of the shelter order a noticed hearing at which the issue of the amount of child support was considered, was held.
The absence of such a hearing is evident here. The father was adjudged insolvent at the October 23 arraignment, yet one month later was ordered to pay $1006.00 per month in child support. He was then adjudged insolvent for purposes of appeal. It is difficult to square these orders. See Downey v. Downey, 874 So.2d 734 (Fla. 4th DCA 2004). The cause is remanded for a noticed hearing on the issue of the amount of temporary child support.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
MONACO and TORPY, JJ., concur.
NOTES
[1] It is unclear why a second case number was assigned to these two orders.
[2] Section 39.521(1)(d)(7), Florida Statutes, governing disposition hearings provides that if a child is placed in an out-of-home placement following a finding of dependency, child support may be assessed against the parents in the disposition order. The father points out that this provision, while authorizing child support following a dependency adjudication, does not itself mention such an assessment prior to the disposition hearing. The statute, however, deals with post-disposition issues.
[3] The duty to pay child support may derive from the common law, statute or contract. See Department of Health & Rehabilitative Services v. Holland, 602 So.2d 652 (Fla. 5th DCA 1992).