GRIFFIN, J.
D.W., mother of E.W. and J.J., appeals an order requiring her to pay temporary child support to the State of Florida, Department of Children and Families [“the Department”], pending an adjudication of dependency. We reverse.
D.W.’s two children were taken into custody by the Department on October 14, 2003. At the shelter hearing, D.W. submitted a financial affidavit to the court which indicated that she was unemployed and had no assets. Payment of temporary child support by D.W. was not discussed at the hearing, nor was it addressed in the October 15, 2003, order issued as a result of the shelter hearing.
Nearly one month later, the trial court entered an order requiring D.W. to pay temporary child support to the Department in the amount of $320.20 per month. The order was filed in the domestic relations division under Case No. DR-03-DJ-4489. The court also entered an income deduction order against D.W. in favor of the Department.
D.W. complains that the temporary support order was entered at a “secret meeting,” held subsequent to the shelter hearing, without notice and a hearing, in violation of her right to procedural due process. She further contends that this is a dependency action under chapter 39 and that chapter 39 does not permit an award of child support, even temporarily, until after a child has been adjudicated dependent and there is a disposition.
In R.M. v. Department of Children and Families, 877 So.2d 797 (Fla. 5th DCA 2004), this court rejected the contention that chapter 39 does not permit an award of temporary child support prior to an adjudication of dependency. Instead, this court found that such an award was authorized by section 39.402(11), Florida Statutes, which provides that in its shelter hearing order the trial court “shall require” parents who are possessed of sufficient assets to pay “fees” as established by the Department for the “care, support, and maintenance” of a child who has been placed in shelter care. 877 at 799. However, in R.M., the court held that a parent must be afforded notice and an opportunity to be heard regarding the amount of the assessment, and reversed a temporary *493 child support order entered against a seemingly indigent father subsequent to the shelter hearing because of the lack of opportunity to be heard. Id.
This case is indistinguishable from both R.M. and the companion case of L.O. v. Department of Children and Families, 876 So.2d 1292 (Fla. 5th DCA 2004). All of these cases involve substantially the same procedure, as well as the same trial judge. As in those cases, we reverse and remand for a properly noticed hearing that, complies with the requirements of procedural due process.
These cases also appear to share a procedural oddity, in that the order requiring payment of temporary' child support was ostensibly entered under an entirely separate case number in the domestic relations division, not in the dependency. Counsel in L.O. explained that this was done as a matter of administrative convenience, apparently for enforceihent purposes. Consistent with this representátion, the entire record in the domestic relations case consists of no more than the temporary child support order and income deduction orders now on appeal. This procedure has neither been explained nor challenged.
There may be a legal basis for the support order entered by the trial court apart from chapter 39. For example, chapter 409 provides independent authorization for the collection of child support from noncustodial parents by the Department of Revenue.' In certain cases involving the administrative establishment of child support, the chapter even permits thé imputation of income in an amount equal to the federal minimum wage. See § 409.2563(5), Fla. Stat. However, if such a procedure were contemplated in this case, we are unable to discern it from the order issued by the trial court, which is silent as to the basis on which it was imposed. Given the state of the record and the order’s lack of explication, we follow R.M., reverse the order under review, and remand for a properly noticed hearing on the issue of the award of temporary child support.
REVERSED ahd REMANDED.
PETERSON and PALMER, JJ„ concur.