PER CURIAM.
 

 Todd Alan Grant sought habeas corpus release after being sentenced to 179 days for civil contempt, for failing to pay court-ordered child support and failing to complete a court-ordered Batterer’s Intervention Program. We agreed that release was mandated and ordered Grant’s immediate discharge, with this opinion to follow.
 

 In his petition, Grant argued that the trial court failed to make the appropriate findings that he has the present ability to pay the purge amount set by the court, and in fact, he argues that he does not have the ability to pay the purge amount. Under the facts of this case, no written order was rendered beyond a court minutes action document. According to the court minutes, Grant was held in civil contempt and a purge amount was set at $1,116.75. As such, the Department of Revenue, as Appellee, was ordered to respond to the petition. No response was filed with this Court to refute Grant’s assertions. It is well settled that an order of civil contempt for failure to pay child support requires findings of willful failure to pay ordered amounts. If incarceration is ordered as a result of the contempt, the court must make the affirmative finding that the contemnor possesses the present ability to comply with the purge.
 
 Miller v. Murrah,
 
 14 So.3d 1019 (Fla. 5th DCA 2009);
 
 Brown v. Brown,
 
 658 So.2d 627 (Fla. 5th DCA 1995). Since no written order was rendered setting forth the requisite findings to support incarceration, we grant the petition for writ of habeas corpus, immediate release having previously been ordered.
 

 PETITION GRANTED.
 

 ORFINGER, TORPY and COHEN, JJ. concur.