655 So.2d 1312 (1995)
John N. PILLA, Appellant,
v.
The SCHOOL BOARD OF DADE COUNTY, FLORIDA, etc., Appellee.
No. 95-621.
District Court of Appeal of Florida, Third District.
June 14, 1995.
*1313 Du Fresne and Bradley and William Du Fresne, Miami, for appellant.
Madelyn P. Schere, Miami, for appellee.
Before BARKDULL, COPE and GREEN, JJ.
PER CURIAM.
John N. Pilla appeals an order terminating his employment. We reverse.
Pilla was employed as a teacher by the appellee School Board of Dade County, Florida. In 1992 the Commissioner of Education filed an administrative complaint against the teacher, seeking revocation or suspension of his teaching certificate. In 1993 the School Board terminated the teacher's employment and the teacher requested a formal administrative hearing. The two administrative proceedings were consolidated with each other, and were heard by an administrative hearing officer assigned by the Division of Administrative Hearings.
Insofar as pertinent here, the School Board alleged that the teacher gave an untruthful answer on his March 21, 1984 employment application to a question which asked, "Have you ever been convicted of anything other than a minor traffic violation?" The teacher answered "no" to that question.
The Commissioner of Education charged the teacher with giving an untruthful answer on a different document submitted on March 21, 1984, entitled "Security Check Authorization And Waiver Of Confidential Records." That form asked whether the teacher had ever been "convicted, fined, imprisoned, or placed on probation in a criminal proceeding?" The teacher answered "no."
The Commissioner of Education also charged the teacher with giving an untruthful answer on an "Application For Educator's Certificate" submitted May 11, 1988. That application asked, "Have you ever been convicted of or had adjudication withheld in a criminal offense other than a minor traffic violation ...?" The teacher again answered "no."
At the administrative hearing, the evidence showed that prior to the 1984 application, the teacher had entered a plea of nolo contendere to the misdemeanor charge of trespass arising out of a domestic dispute with his former wife. The teacher was placed on six months' nonreporting probation. Since adjudication of guilt had been withheld, the hearing officer found that the teacher had responded truthfully on his 1984 employment application submitted to the School Board. The hearing officer reasoned that since adjudication had been withheld, the teacher had not been convicted and thus, the teacher *1314 could properly give a negative answer to the question on the employment application. This was the only false statement with which the School Board had charged the teacher.
The documents as to which the Commissioner of Education had charged the teacher with making false statements requested different information  which resulted in a different finding by the hearing officer. The March 21, 1984 Security Check Authorization And Waiver Of Confidential Records specifically asked whether the teacher had ever been, among other things, "placed on probation in a criminal proceeding?" Since the teacher had been placed on probation in the misdemeanor trespass case, the hearing officer found that the teacher's "no" answer was untruthful.
The evidence also showed that in May, 1984 the teacher had been found guilty of driving with a suspended or revoked license in violation of section 322.34, Florida Statutes. He was sentenced to 30 days. Since the teacher's 1988 Application For Educator's Certificate requested disclosure of any conviction or adjudication withheld in a criminal offense other than a minor traffic violation, the teacher's answer to this question was also found to be untruthful.
During the administrative hearing, at the conclusion of its case, the School Board requested leave to amend its administrative complaint so as to add the same charges which the Commissioner of Education had alleged: untruthful answer on the Security Check Authorization And Waiver Of Confidential Records form, and untruthful answer on the Application For Educator's Certificate. The hearing officer denied leave to amend.
At the conclusion of proceedings, the hearing officer entered a recommended order. The hearing officer found in favor of the Commissioner of Education on the false statement charges and certain other charges. The portions of the recommended order pertaining to the Commissioner of Education were subsequently acted on by that agency, and the Commissioner of Education suspended the teacher's license for three years.
In the recommended order the hearing officer found that the School Board's charges had not been established. The hearing officer recommended dismissal of the School Board's charges.
Counsel for the School Board filed exceptions to the recommended order. In one of the exceptions, counsel argued that the hearing officer had abused his discretion by denying leave to amend the administrative complaint.
The School Board sustained this exception, ruling that the motion for leave to amend should have been granted, and that the administrative complaint would be treated as having been amended. The School Board then ruled that, as amended, the charges of false statement against the teacher had been sustained. The School Board dismissed the teacher from employment. The teacher has appealed, and we reverse.
It appears that the administrative hearing was conducted under the Model Rules of Procedure. See Fla. Admin. Code Ch. 28-5. Rule 28-5.202 provides in part, "The petitioner may amend its petition after the designation of the presiding officer only upon order of the presiding officer." See Beckum v. Department of Health & Rehab. Servs., 443 So.2d 227, 228 n. 3 (Fla. 1st DCA 1983). We agree with the School Board that allowance of amendments is governed by an abuse of discretion standard.
The pending proceeding was brought against the teacher by the School Board to discharge him from employment. Plainly, in such circumstances the teacher must have fair notice and an opportunity to be heard on each of the charges against him. Here, after the School Board had already completed its case-in-chief, it sought leave to amend to add two additional charges to its administrative complaint. We agree with the hearing officer that this request for amendment came too late.
It is true that the two charges the School Board sought to add were the same as *1315 charges already brought by the Commissioner of Education, and it is true that the two cases had been consolidated. The problem is that the belated addition of these two additional charges on the part of the School Board did not allow the teacher a fair opportunity to develop a defense thereto vis-a-vis the School Board. One important area of inquiry would have been to ascertain what the School Board's actual employment policy would have been had the teacher given a truthful answer to the two questions at issue. Obviously, the teacher cannot prepare a defense or conduct discovery if the charges are added at the end of the School Board's case, rather than at a reasonable interval in advance of the administrative hearing. We see no abuse of discretion in denial of leave to amend at that extremely belated point in the administrative proceedings.
Consequently, the final order is reversed and the cause remanded with directions to enter a final order in accordance with the hearing officer's recommended order.
Reversed and remanded.