NESBITT, Senior Judge.
Following the settlement of a wrongful death action on behalf of the estate of the decedent, Jeremy C. Woods, a minor, the proceeding became a contest between the competing natural parents as to the proper allocation of the sums available as a result of the claim of mental pain and suffering. See § 768.21(4)Fla. Stat. (1998). The trial judge adopted the mother’s argument that the father was not present at the child’s birth nor listed on his birth certificate, and “had little or no contact with Jeremy dur *1271 ing his lifetime, and provided minimal or no support for Jeremy during his lifetime.”
At the conclusion of the hearing on the matter, the court determined that the mother was entitled to all of the proceeds apportionable. The decided cases suggest no exact formula governing the allocation of the available funds in such a situation, and that the probate judge has considerable latitude in its allocation. See In re Estate of Wiggins, 729 So.2d 523 (Fla. 4th DCA 1999)(concluding trial court obligated to employ reasonable and equitable method of distribution). In light of the findings made, we cannot say the distribution of the funds at issue exclusively to the mother, as the child’s sole care giver, was an abuse of discretion. Id.
Accordingly the order under review is affirmed.