873 So.2d 601 (2004)
Kevin E. BROWN, Appellant,
v.
Rita BROWN, as Personal Representative of the Estate, etc., et al., Appellee.
Nos. 5D03-1477, 5D03-1478.
District Court of Appeal of Florida, Fifth District.
May 28, 2004.
Dan H. Honeywell, of Wooten, Honeywell, Kimbrough, Gibson, Doherty and Normand, P.A., and Jack W. Shaw, Jr., of Motes & Carr, P.A., Orlando, for Appellant.
Christopher V. Carlyle, of The Carlyle Appellate Law Firm, The Villages, for Appellee, Rita Brown.
GRIFFIN, J.
This is the appeal of a final order apportioning the net settlement proceeds of a wrongful death claim arising out of a motor vehicle accident that occurred on August 7, 2000, which claimed the life of Carrie Anne Brown ["Carrie"], the fourteen year old daughter of appellant, Kevin Brown ["Kevin"], and appellee, Rita Brown ["Rita"].[1] Rita was named the personal representative of Carrie's estate, and on September 12, 2000, as personal representative, she filed a complaint for damages under the Florida Wrongful Death Act[2] *602 against Mary L. Hill ["Mary"], the driver of the vehicle in which Carrie was a passenger when the accident occurred, and Dennis G. Hill, Mary's husband. The complaint alleged that Mary negligently operated her vehicle so as to cause it to collide with a tree, resulting in Carrie's death. Prior to trial, the parties settled for $2,000,000.00.
On April 26, 2002, Kevin filed a motion for appointment of administrator ad litem to supervise the distribution of the monies recovered in the wrongful death settlement. Shortly thereafter, Kevin also filed a petition for removal of Rita as personal representative of Carrie's estate on the basis of conflict of interest. A hearing was held on the two motions, at which time the court deferred ruling and sent the parties back to mediation. No agreement was reached. Subsequently, after receiving memoranda from the parties, the court denied Kevin's petition for appointment of administrator ad litem and set a hearing to allocate the settlement proceeds.
After an extensive hearing at which the parties and several expert witnesses testified, the court entered a detailed order apportioning net settlement proceeds, sixty-five percent to Rita and thirty-five percent to Kevin.
Kevin mainly contends that the trial court erred in making the allocation. He urges that the court should not have attempted to decide what the allocation should be; rather, the trial court should have determined what a jury might have allocated had the wrongful death case gone to trial. This presumably would consist of lawyers testifying about what evidence they probably would have offered and what they might have argued, plus expert testimony about what the jury might have done given the hypothetical evidence. We appreciate this father's anguish, and we understand why this argument was made, but we reject it. If the wrongful death case goes to trial, the jury will decide; if it settles, and agreement cannot be reached on allocation of the settlement proceeds, it is the judge who must hear the evidence on such issues and who must make the decision. To have the fact finder attempt to ascertain what another fact finder might have done based on hypothetical evidence is unworkable and unwise.[3]
AFFIRMED.
PETERSON and MONACO, JJ., concur.
NOTES
[1] Kevin and Rita were married in 1975. They subsequently divorced in 1993. In addition to Carrie, they had an older daughter, Jennifer. After the divorce, the parents had shared parental responsibility of the children, but the children lived with Rita. Kevin moved to Ohio and then Minnesota, where he remained until Carrie's death. Kevin eventually remarried and has three children in his current marriage. Rita and the children remained in Florida.
[2] §§ 768.16-768.27, Florida Statutes (2000).
[3] The remaining issues do not merit extended discussion. It was clearly within the court's discretion to decline to appoint an administrator ad litem, and we find no fault with the court's decision-making process. To attempt to value grief is hard enough; to attempt to determine the relative grief of two parents is an awful duty. Even if we might disagree with the allocation, it does not matter. The duty to hear the evidence and to decide falls on the trial judge, and there is evidence in the record that would support the trial judge's decision. Commendably, Kevin does not contend otherwise.