KLEIN, J.
Appellant, a claimant against the appel-lee estate, appeals a final order granting the personal representative’s motion to disburse funds, approve final accounting, and discharge personal representative. He argues that the trial court erred in approving the settlement of a wrongful death claim in which the estate was a plaintiff, but we conclude that this appeal is not timely as to the order approving the settlement, which was a final order.
*676 The decedent died in an airplane accident, and the estate filed a negligence suit which was settled for a total of $750,000. The settlement, which apportioned $700,000 to decedent’s mother and $50,000 to the estate, was approved by the court. The low amount to the estate resulted from the fact that the decedent reported no income. The aviation lawyer who obtained the recovery testified that the estate had no recoverable damages. Claimant, who had a pending lawsuit against the estate, filed an appeal from the March 2002 order approving the settlement, but subsequently dismissed it.
In April 2003, the personal representative filed a petition for discharge and approval of final accounting, noting that claimant’s lawsuit was still pending, but asserting that the estate would have no assets to pay any judgment claimant might obtain in the future. Following a hearing the court granted the petition, finding that if claimant obtained a judgment, it would be a class 8 claim under section 733.707, Florida Statutes, and that, after paying expenses having a higher priority, the estate would have no funds remaining. It is this order, which was entered in May 2003, which claimant has appealed, but his primary argument is that the court erred in approving the wrongful death settlement a year earlier.
The estate argues that claimant is not an “interested person” under section 731.201(21), Florida Statutes (2002), which defines interested person as:
any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved.... The meaning, as it relates to particular persons, may vary from time to time and must be determined according to the particular purpose of, and matter involved in, any proceedings.
The closest case is Montgomery v. Cribb, 484 So.2d 73 (Fla. 2d DCA 1986), in which a claimant’s claim against an estate had been stricken, and the order striking the claim was on appeal. The second district held that the claimant was an interested party. We agree with that decision and conclude that claimant was an interested person.
The estate next argues that claimant was required to appeal the order approving the settlement when it was entered. Final orders in probate proceedings are defined under rule 9.110(a)(2), as orders which “finally determine a right or obligation of an interested person as defined in the Florida Probate Code.”
We conclude that the order approving the settlement of the tort claim did “finally determine a right” of this claimant. Section 733.708, Florida Statutes (2002), which addresses the compromise of lawsuits filed by estates, provides that the probate court may authorize the settlement “if satisfied that the compromise will be for the best interest of the interested persons,” and that an order authorizing settlement “shall relieve the personal representative of liability or responsibility for the compromise.”
In this case once the order approving the settlement became final, the personal representative was, by statute, absolved of further responsibility. The order approving the settlement accordingly did finally determine a right of the claimant in that it resulted in the estate having no assets with which to pay his claim.
We are of course aware that, when we decide that an appellant should have appealed an earlier order, it can result in *677 grave consequences.[1] In probate cases, however, where the order of final- discharge may not be entered for years after the opening of an estate, interim appeals of orders which finally determine rights or obligations aré necessary for the orderly administration of the estate. If we were to review the order approving settlement at this late date, it is doubtful that any remedy would be available which would benefit claimant.
We have considered the issues which appellant has raised regarding the final order of discharge and find them to be without merit. Affirmed.
SHAHOOD, J„ and EMAS, KEVIN M., Associate Judge, concur.

. Even if we had reviewed the order approving the settlement, we would have affirmed, because as we noted earlier, the estate had no damage recoverable in the wrongful death claim.