WALLACE, Judge.
In this case we are called upon to review a probate court order approving the amount of a settlement in an action for damages under the Florida Wrongful Death Act, sections 768.16-.26, Florida Statutes (2002) (the Act), and authorizing payment of attorney’s fees and costs from the settlement proceeds to the personal representative’s attorney. The decedent’s adult children contend that the probate court erred in ruling that they had no standing to be heard on their timely objection to the reasonableness of the amount of the settlement. We agree. Accordingly, we reverse the probate court’s order, and we remand this case for further proceedings.
I. FACTS AND PROCEDURAL HISTORY
On November 15, 2002, Alex D. McKay (the Decedent), who was eighty-four years old, was severely burned in a fire at his home in Lake Wales. The fire resulted when a heater ignited gas that was seeping from an improperly capped gas line. The Decedent died the day after the accident as a result of his injuries.
The Decedent died intestate. He was survived by his spouse, Christine McKay (the Widow) and five adult children— Louise Brunson, Janice McRae, Tomisena Porter, Melvin McKay, and Perry McKay (the Children). The petition filed in the probate court for administration of the Decedent’s estate described each of the Children as “adult” but did not state their respective ages. Based on the Decedent’s age, we will assume for purposes of this opinion that each of the Children was twenty-five years of age or older at the Decedent’s death.[1] The probate court appointed the Widow as the personal representative of the Decedent’s estate.
*1060 After her appointment, the Widow filed an action against the gas company, Mid State Energy, Inc. (Mid State), for the wrongful death of the Decedent. The Widow’s complaint against Mid State included damage claims for herself and the Children as survivors. Mid State’s insurance carrier subsequently offered the Widow a single, undivided sum of $450,000 to settle the claims of both the estate and the six survivors. The Widow decided to accept the offer, and she filed a petition with the probate court seeking an order approving the proposed settlement and the fees and costs to be paid to her attorney for prosecuting the wrongful death action. The Widow’s petition did not explain how she proposed to allocate the net settlement proceeds between the estate and the survivors.
The Children filed a timely objection to the proposed settlement. In their objection, the Children asserted that they had individual claims-for damages as a result of the wrongful death of their father.[2] The Children objected to the approval of the proposed settlement on three grounds: (1) the amount of the settlement was inadequate, (2) the Widow had failed to consult them and obtain information concerning their individual claims, and (3) the Widow’s petition did not state how she proposed to allocate the net settlement proceeds.
The Widow responded with an unsworn motion to strike the Children’s objection. In her motion, the Widow alleged that there was no recovery that could be made on behalf of the Children “[ajpart from funeral expenses that will be paid in full.” The Widow alleged further that she was “the sole beneficiary of this wrongful death action” and that “her decision regarding settlement of the claim should be disposi-tive.” Finally, the Widow maintained that the Children had “no standing to object to the settlement.”
At a scheduled hearing on the Widow’s petition, both the Widow and the Children appeared with counsel. The probate court began the hearing by granting the Widow’s request to bifurcate the settlement approval process. The only issues relating to the settlement considered at the hearing were the approval of the amount of the settlement and payment of attorney’s fees and costs to the personal representative’s attorney from the settlement proceeds. All other issues — including the issue of the allocation of the net settlement proceeds between the estate and the survivors— were reserved for a subsequent hearing.[3]
Before the probate court began to hear testimony, the Children’s attorney announced his intention to contest the reasonableness of the amount of the settlement. The Widow’s counsel responded with the argument — previously expressed in the Widow’s response to the Children’s objection- — that the Children had no standing to object to the amount of the settlement because they had no individual damage claims as survivors. After hearing argument on the point, the probate judge agreed, stating: “I’m going to find that these children don’t have any standing at this point and we’ll proceed.”
The Widow’s attorney then presented testimony from another attorney who was *1061 called as an expert witness that both the $450,000 settlement and the fees and costs to be paid from the settlement proceeds were reasonable in amount. The Widow testified briefly concerning her reasons for wishing to settle the pending action. The probate court did not allow the Children’s attorney an opportunity to cross-examine either the Widow or her expert, to present any evidence, or to be heard on the reasonableness of the settlement. However, the Children’s attorney did make a proffer of the evidence he would have presented in opposition to the proposed settlement but for the probate court’s adverse ruling on the standing issue. At the conclusion of the hearing, the probate court announced that it would find the settlement to be fair and reasonable. The trial court subsequently entered two orders. One struck the Children’s written objection to the settlement. The other approved the settlement, authorized the Widow to execute all documents necessary to conclude the wrongful death action, and authorized payment of the fees and costs of the Widow’s attorney from the settlement proceeds. This appeal by the Children followed.
II. JURISDICTION
As a threshold matter, the Widow contends that'this court lacks jurisdiction to determine the Children’s appeal because the order approving the settlement is a nonappealable, nonfinal order. We conclude that the order under review is a final order, and thus we have jurisdiction. Fla. R.App. P. 9.030(b)(1)(A), 9.110(a)(2); see Arzuman v. Estate of Bin, 879 So.2d 675, 676-77 (Fla. 4th DCA 2004).
III. THE ISSUE OF STANDING
The probate court based its denial of the Children’s request to be heard at the hearing on its ruling that they lacked standing to object to the proposed settlement of the pending wrongful death action. In the written order confirming its earlier ruling concerning the Children’s lack of standing to object to the proposed settlement, the probate court said: “[T]he adult children of the deceased, Alex D. McKay, have no standing to object to the settlement that was reached between the estate and the defendant in the wrongful death action as they have no claims as survivors in connection within [sic].” Thus the trial court concluded that the Children had no standing to object to the proposed settlement because none of them had individual damage claims as survivors.
The probate court’s ruling was based on a misreading of the Act. Section 768.25 of the Act governs the settlement of wrongful death claims for which an action is pending at the time a settlement is reached. The statute provides: “While an action under this act is pending, no settlement as to amount or apportionment among the beneficiaries which is objected to by any survivor or which affects a survivor who is a minor or an incompetent shall be effective unless approved by the court.” Under section 768.25, a personal representative may not settle a pending wrongful death action as to amount or apportionment among the beneficiaries without court approval if the proposed settlement is objected'to by “any survivor.” Thus the right to object to a proposed settlement and to invoke the authority of the court relative to the approval or disapproval of a proposed settlement extends to “any survivor” and is not limited to survivors who have individual damage claims.[4]
The definition of “survivors” contained in section 768.18(1) of the Act in- *1062 eludes adult children.[5] Accordingly, under section 768.25, each of the Children had the right as a “survivor” to object to the Widow’s proposal and to invoke the authority of the court. The probate court erred in ruling that the Children did not have standing to object to the proposed settlement. The probate court’s ruling confused the issue of the Children’s standing to object to the proposed settlement with the question of the merits of their claims. The issue of standing concerned the Children’s right to object to the pending settlement and to invoke the authority of the court relative to the approval or disapproval of the action proposed by the Widow. Whether the Children could prove facts establishing their claims to one or more of the elements of damages cognizable under the Act was a different matter. “Standing should not be confused with the merits of a claim.” Sun States Utils., Inc. v. Destin Water Users, Inc., 696 So.2d 944, 945 n. 1 (Fla. 1st DCA 1997). For these reasons, the probate court’s refusal to allow the Children to be heard on their objections to the settlement at the hearing cannot be sustained on the basis of the Children’s asserted lack of standing.
IV. THE WIDOW’S ALTERNATIVE ARGUMENT
Although the Widow’s argument based on the Children’s asserted lack of standing fails, she has more than one string to her bow. The Widow argues alternatively that the probate court was not obligated to give the Children a hearing on their timely objection because section 768.25 does not specifically provide that objecting survivors are entitled to a hearing on their objections. According to the Widow, the statute requires nothing more than judicial review of the personal representative’s proposal and court approval. Therefore, this court should refrain from reading into the statute a hearing requirement that the legislature intentionally omitted from the Act’s carefully designed plan.[6]
We disagree with the Widows alternative argument. Although section 768.25 does not expressly provide for a hearing, routine practice under the Act requires one where there is an objection to a proposed settlement. See, e.g., Wiggins v. Estate of Wright, 850 So.2d 444 (Fla.2003); Brown v. Brown, 873 So.2d 601 (Fla. 5th DCA 2004); Woods v. Estate of Woods, 770 So.2d 1270 (Fla. 3d DCA 2000); Catapane v. Catapane (In re Estate of Catapane), 759 So.2d 9 (Fla. 4th DCA 2000); Hess v. Hess, 758 So.2d 1203 (Fla. 4th DCA 2000); Indian River Mem’l Hosp. v. Destin (In re Estate of Wiggins), 729 So.2d 523 (Fla. 4th DCA 1999); Adams v. Montgomery, Searcy & Denney, P.A., 555 So.2d 957 (Fla. 4th DCA 1990). The trial court cannot properly consider and decide the reasonableness of a settlement under all of the pertinent circumstances without giving the objecting survivors an opportunity to be heard.[7] Taking into account the *1063 Decedents age of eighty-four and the presumed age of the Children, it may be — as the Widows counsel suggested to the probate court — that none of the Children was dependent on the Decedent for support and that the possibility of net accumulations by the Decedent was nil. In that event, the Childrens claims would be limited to the recovery of any out-of-pocket expenses for funeral expenses and medical bills, and the Widows wishes concerning settlement for what is a substantial sum should be given considerable weight.
V. Conclusion
We have considered the other arguments advanced by the Widow in support of the probate court’s ruling and find them to be without merit. Our decision in this case is based on procedural grounds only. We express no opinion on the adequacy of the proposed settlement or the merits of the wrongful death claim against Mid State.
Because the probate court erred in approving the settlement of the pending wrongful death action without giving the Children an opportunity to be heard on their objections, we reverse the order approving the settlement and authorizing payment of fees and costs to the personal representative’s attorney. We also remand this case to the probate court for further proceedings consistent with this opinion.
Reversed and remanded.
NORTHCUTT and CANADY, JJ., Concur.

. The recovery of damages by the children of a decedent may depend on whether the children fall within the definition of "minor children” contained in section 768.18(2). For purposes of the Act, the term “minor children” is defined as "children under 25 years of age, notwithstanding the age of majority.” See generally Thomas D. Sawaya, 6 Fla. Prac. Personal Injury Law and Practice with Wrongful Death Actions 20.4 (2005 ed.).

. The Children did not specify the nature of their alleged damage claims in their written objection. The Act does not require a surviv- or who objects to a proposed settlement to state with particularity the ground or grounds for his or her damages claim. However, such a statement would likely assist both the court and other parties in assessing the reasonableness of the proposed settlement in light of the objection.

. The Children have not challenged the trial court’s decision to bifurcate the settlement approval process.

. Of course, a court might extend little or no weight to an objection by a survivor with no stake in the outcome of the wrongful death action.

.Prior versions of the Act have defined the term ''survivors" so that it included a decedent’s minor children but excluded adult children. The age at which a child ceases to be a minor for purposes of the Act has varied. See generally Sawaya, supra, 20.4 n. 1. In 1990, the statutory definition of “survivors" was amended to include adult children for causes of action accruing on and after October 1, 1990. Ch. 90-14, 1, 3, Laws of Fla.

. We consider this argument pursuant to the rule of appellate efficiency sometimes referred to as the "tipsy coachman” rule. See Robertson v. State, 829 So.2d 901, 906-07 (Fla.2002).

. Indeed, one knowledgeable commentator — • writing only a few years after the Act’s passage — assumed that survivors who object to a proposed settlement of a pending wrongful death action are entitled to a hearing on their *1063 objections. Judge Joseph Nesbitt, Probate and the Wrongful Death Action: Boondoggle or Bonanza?, 51 Fla. Bar J. 428, 434 (1977) ("Obviously, without full agreement of all parties sui juris, or their guardians, a proceeding for the allocation due the various survivors should be conducted after notice and hearing to all affected survivors.”).