KELLEY, GLENN, Associate Judge.
 

 This is an appeal from a final order by the School Board of Broward County (the “School Board”) terminating the employment of Charlene Rebecca Blackwood. We reverse.
 

 Ms. Blackwood was employed as a senior supervisor of inspections with the School Board’s Building Department. Disciplinary proceedings were commenced against Ms. Blackwood as a result of complaints made by several Building Department employees. These complaints were made to the Department’s Superintendent of Operations, Donnie Carter. The complaints included authoring a “letter to the editor” distributed to the Broward Teachers Union containing disparaging statements about the School Board, misrepresenting facts in an e-mail and engaging in loud and argumentative behavior in the presence of co-workers.
 

 As a result of the complaints, an investigation of the management of the Building Department was commenced. The investigation led Mr. Carter to conclude that Ms. Blackwood had engaged in a pattern and practice of verbal abuse and inappropriate behavior.
 

 Ms. Blackwood and the School Board are parties to a collective bargaining agreement (“CBA”). Article 9 of the CBA establishes rules and procedures for disciplining employees. Article 9(B) provides that all discipline must be administered within twenty (20) working days of the date the violation occurred or was first known to have occurred.
 

 The School Board also maintains its own policies governing employee discipline. These policies are set forth in School Board Policy 4.9. Policy 4.9 permits the School Board to consider employment history when determining the penalty to be imposed upon violation of School Board policies. Termination of School Board employees is governed by section 1012.33, Florida Statutes, and Fla. Admin. Code Reg. 6B-4.009 and requires a showing of “just cause” which includes misconduct and insubordination.
 

 On May 22, 2006, the School Board filed an amended administrative complaint seeking to terminate Ms. Blackwood’s employment based on misconduct in office and/or gross insubordination. The parties agree that for purposes of applying the 20 day rule set forth in Article 9(B) of the CBA, the “triggering” date was February 15, 2005. Ms. Blackwood requested, and
 
 *388
 
 was granted, an administrative hearing before an Administrative Law Judge,
 

 On March 7, 2007, after an evidentiary hearing, the Administrative Law Judge issued a recommended order. The recommended order contained a detailed history of Ms. Blackwood’s employment with the School Board and noted numerous instances of inappropriate behavior. However, the Administrative Law Judge concluded that the School Board had failed to prove that Ms. Blackwood had committed an offense that would subject her to discipline within the 20-day time period specified in the CBA.
 

 Both sides filed exceptions to the recommended order. Ultimately, the School Board voted to terminate Ms. Blackwood’s employment based on her prior employment history.
 

 Ms. Blackwood, essentially, contends that the School Board improperly modified the findings of fact and conclusions of law set forth in the recommended order and could not, therefore, terminate her. The School Board contends that the Administrative Law Judge misapplied Policy 4.9 and that it simply modified or corrected a misapplication of the law.
 

 While we agree that the School Board may apply Policy 4.9, here the School Board did more than merely modify a legal finding. Had the Administrative Law Judge found some act warranting discipline within the 20-day window provided by Article 9(B) of the CBA, the School Board could consider Ms. Blackwood’s pri- or employment history. However, the Administrative Law Judge specifically found that Ms. Blackwood did not commit an offense that would subject her to discipline within the 20-day window.
 

 The School Board, in essence, modified this finding of fact in voting to terminate Ms. Blackwood. We, therefore, reverse the School Board’s termination of Ms. Blackwood and instruct the School Board to reinstate Ms. Blackwood to her prior position.
 

 KLEIN and STEVENSON, JJ., concur.