ORFINGER, C.J.
Linda M. Schimenti appeals a final administrative order of the School Board of Hernando County (“School Board”) terminating her employment as a teacher following an informal hearing. Ms. Schimen-ti’s primary claim on appeal is that she was denied due process by not being given fair notice and an opportunity to be heard on the charges against her. We affirm the School Board’s decision.
Ms. Schimenti was an elementary school teacher with the School Board and a member of the instructional staff. See § 1012.01(2), Fla. Stat. (2010). The School Board does not dispute that Ms. Schimenti was employed pursuant to a professional services contract at the time of her termination. As such, she had an established protected property interest in her continued employment with the School Board. See Bd. of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) *833 (explaining that property interests are created and defined by independent sources such as state law); Royster v. Bd. of Trs., 774 F.2d 618, 620-21 (4th Cir.1985) (reiterating that in context of employment in public education, protected property interest is established by “contract which provides for continued employment, and which can be terminated only for good cause”). Thus, the question that we must consider is what process was due and whether it was provided to Ms. Schimenti before her employment was terminated. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 582, 541, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 172 (4th Cir.1988).
Due process is flexible and calls for such procedural protections as the particular situation demands. Morrissey v. Brewer, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). In Florida, the termination of school board employees is governed by section 1012.33, Florida Statutes (2010), and Florida Administrative Code Rule 6B-4.009. See Blackwood v. Div. of Admin. Hearings, 2 So.3d 386, 387 (Fla. 4th DCA 2009). The School Board is an agency for purposes of Florida’s Administrative Act, chapter 120, Florida Statutes. Witgenstein v. Sch. Bd., 347 So.2d 1069, 1071 (Fla. 1st DCA 1977). When a school board brings a proceeding to discharge a teacher from her employment, the teacher must have fair notice and an opportunity to be heard on each of the charges against her. Pilla v. Sch. Bd., 655 So.2d 1312, 1314 (Fla. 3d DCA 1995). Specifically, section 1012.33(6)(a), which provides the procedure and grounds for dismissal, states that the school board must notify any member of the instructional staff in writing whenever charges are made against the employee. If the instructional staff member wishes to contest the charges, she must, within fifteen days after receipt of the written notice, submit a written request for a hearing. The hearing must be conducted within sixty days of the written request in accordance with statutorily provided procedures.
The controlling statute does not require any formal process for delivery of the written charges. § 1012.33(6)(a), Fla. Stat. (2010). Likewise, the Uniform Rules developed by the Division of Administrative Hearings pursuant to section 120.54(5), Florida Statutes, do not designate a formal process for delivery. Instead, Florida Administrative Code Rule 28-106.2015(1) provides:
Prior to entry of a final order to suspend, revoke, or withdraw a license, to impose administrative fines, or to take other enforcement or disciplinary action against a licensee or person or entity subject to the agency’s jurisdiction, the agency shall serve upon the licensee an administrative complaint. For purposes of this rule, an agency pleading or communication that seeks to exercise an agency’s enforcement authority and to take any kind of disciplinary action against a licensee or other person shall be deemed an administrative complaint.
Cf. § 120.60(5), Fla. Stat. (2010) (providing agency must serve licensee by personal service or certified mail before revoking, suspending, or withdrawing license; however, agency may use service by publication if it was unable to make personal service and certified mail notice was returned undelivered).
The essential requirements of due process, and all that respondents seek or the Court of Appeals required, are notice and an opportunity to respond. The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement. The tenured public employee is entitled to oral *834 or written notice of the charges against him, an explanation of the employer’s evidence, and an opportunity to present his side of the story. To require more than this prior to termination would intrude to an unwarranted extent on the government’s interest in quickly removing an unsatisfactory employee.
Loudermill, 470 U.S. at 546, 105 S.Ct. 1487 (citations omitted); see M.J.W. v. Dep’t of Children & Families, 825 So.2d 1038, 1040 (Fla. 1st DCA 2002) (reiterating that object and purpose of service of process is to give notice of proceedings to opposing party so that she may be given opportunity to defend suit). As a consequence, due process “does not require a showing by the State that an interested party received actual notice.” Crum v. Vincent, 493 F.3d 988, 993 (8th Cir.2007).
Ms. Schimenti was provided notice of a pre-determination conference to discuss her absence from work, which she did not attend. Nor did she return calls regarding her attendance at the conference or her absence from work. The administrative complaint was hand delivered to the mailbox at Ms. Schimenti’s official home address after there was no response at the front door, and was also sent to two different email addresses on file for her. The complaint provided a clear explanation of the disciplinary charges against her as well as the evidence in support of those charges. The complaint clearly informed Ms. Schimenti that if she wished to contest the charges, she must file a written request for a hearing; that if she did not request a hearing, it would constitute an admission to the charges; and that the District was requesting the termination of her employment. When Ms. Schimenti took no action in response to the School Board’s complaint, her employment was terminated. We conclude that Ms. Schi-menti has not demonstrated that the School Board did not provide her sufficient notice before terminating her employment.
AFFIRMED.
GRIFFIN and PALMER, JJ., concur.