ORFINGER, C.J.
Kenneth Walker appeals a probate court order allocating all of the settlement proceeds of a wrongful death action to Beatrice Bailey. For the reasons that follow, we reverse.
Lekeina Walker, the fifteen-year-old child of Mr. Walker and Ms. Bailey, died at the Orlando Regional Medical Center, allegedly as the result of medical malpractice. Ms. Bailey was appointed the personal representative of Lekeina’s estate and filed a wrongful death suit against ORMC. After settling with ORMC, Ms. Bailey petitioned the probate court for an equitable distribution of the settlement proceeds, asking the court to find that she had suffered a “majority” of the loss. Ms. Bailey’s counsel provided formal notice of the petition to Mr. Walker and advised him that a hearing on the petition would be held several weeks later. When more than twenty days passed without any response from Mr. Walker, and prior to the scheduled hearing, the trial judge entered an order apportioning 100% of the settlement proceeds to Ms. Bailey, who then notified Mr. Walker that the hearing was cancelled. Mr. Walker moved for rehearing, asserting that he believed that the scheduled hearing was the appropriate time to assert his position. Mr. Walker further objected to apportioning the entire settlement to Ms. Bailey, and advised the court that he wanted to present evidence on the apportionment issue. After the trial court summarily denied the motion for rehearing, this appeal followed.
The Florida Constitution guarantees every citizen due process for the protection and enforcement of rights and property interests. Art. 1, § 9, Fla. Const.; J.B. v. Fla. Dep’t of Children & Family Servs., 768 So.2d 1060 (Fla.2000). Due process requires fair notice and a meaningful opportunity to be heard and is a flexible concept that calls for procedural protections specific to each circumstance. Schimenti v. Sch. Bd. of Hernando Cnty., 73 So.3d 831, 833 (Fla. 5th DCA 2011); Carillon Cmty. Residential v. Seminole Cnty., 45 So.3d 7 (Fla. 5th DCA 2010).
A personal representative has the statutory authority to enter into wrongful death settlements. However, if the survivors object either to a settlement’s amount or apportionment, the court’s authority is invoked to determine the settlement’s reasonableness. § 768.25, Fla. Stat. (2011); Dudley v. McCormick, 799 So.2d 436, 441 (Fla. 1st DCA 2001); Pearson v. DeLamerens, 656 So.2d 217, 220 (Fla. 3d DCA 1995). When that authority is invoked, though section 768.25 does not expressly demand a hearing, Florida courts and routine practice require one, as without it, the trial court cannot properly determine a settlement’s reasonableness or the propriety of any proposed apportionment of the settlement proceeds. See, e.g., Wiggins v. Estate of Wright, 850 So.2d 444, 445 (Fla.2003); Brunson v. McKay, 905 So.2d 1058, 1062 (Fla. 2d DCA 2005); Brown v. Brown, 873 So.2d 601, 602 (Fla. 5th DCA 2004); Woods v. Estate of Woods, 770 So.2d 1270, 1271 (Fla. 3d DCA 2000); Hess *299 v. Hess, 758 So.2d 1208, 1205 (Fla. 4th DCA 2000).
Here, apparently unable to agree on a distribution plan with Mr. Walker, Ms. Bailey invoked the trial court’s jurisdiction to determine a reasonable apportionment of the proceeds and set a hearing, giving notice to Mr. Walker. However, prior to the hearing, the court entered an order apportioning the entire settlement to Ms. Bailey, denying Mr. Walker an opportunity to be heard and, thus, violating his due process rights. See Brunson, 905 So.2d at 1062 (holding that survivors were entitled to hearing on their objections to personal representative’s proposed wrongful-death settlement).
Ms. Bailey argues that Mr. Walker was afforded due process because he was given notice pursuant to Florida Probate Rule 5.040 and failed to timely respond. This view misperceives the rule’s scope. Rule 5.040 provides that when formal notice is given, the failure to serve written defenses within twenty days permits the trial court to enter a judgment or order for the relief demanded in the pleading or motion without further notice. Fla. Prob. R. 5.040(a)(1) (emphasis added). Ms. Bailey’s petition does not set forth a specific apportionment plan beyond asking for a “majority” of the proceeds and certainly failed to inform Mr. Walker that she sought all of the settlement proceeds. Under these circumstances, Mr. Walker had a right to rely on the notice scheduling a hearing on Ms. Bailey’s petition, and was not required to file an answer or any defensive pleading or paper. The rule does not provide for the entry of a default against a party who fails to respond. The Florida Bar, Litigation under Florida Probate Code § 1.8 (2010-11 ed.).
When a wrongful death case is settled before trial, the trial court resolves questions concerning the apportionment of proceeds between survivors. § 768.25, Fla. Stat. (2011); Hess, 758 So.2d at 1205-06. The trial court must determine if the proposed apportionment is reasonable and equitable based upon competent, substantial evidence. The failure to make that determination is an abuse of discretion. Woods, 770 So.2d at 1271; In re Estate of Wiggins, 729 So.2d at 526; Univ. Med. Ctr. v. Zeiler, 625 So.2d 120, 122 (Fla. 5th DCA 1993). Here, the probate court apportioned the settlement entirely to Ms. Bailey without a hearing and without considering any evidence.[1] This procedure denied Mr. Walker due process. The order must be reversed. See LoCascio v. Estate of LoCascio, 78 So.3d 573, 574 (Fla. 3d DCA 2011).
REVERSED and REMANDED.
GRIFFIN and EVANDER, JJ„ concur.

. Mr. Walker also argues that Ms. Bailey breached her fiduciary duty to reasonably and equitably apportion the settlement proceeds, correctly contending that she had a duty to apportion settlement proceeds in a reasonable and equitable manner. See Guadalupe v. Peterson, 779 So.2d 494, 497 (Fla. 2d DCA 2000); Cont’l Nat’l Bank v. Brill, 636 So.2d 782, 784 (Fla. 3d DCA 1994). However, because there was no hearing on this issue, there is no evidence regarding a reasonable or fair apportionment, and therefore nothing to suggest Ms. Bailey breached her duty. The trial court must consider this issue in the first instance.